Phillip Wolf
4855 Miller Street
Wheat Ridge, Colorado 80033
In Propria Persona (not Pro Se)
Proceeding without counsel

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 12 2009

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

BEAVER CREEK LAND & CATTLE, LLC, )
    **Plaintiff,** )
    vs. )
**PHILLIP WOLF,** )
    **Defendant.** )

Case No.: 08-CV-202-J

**ANSWER AND MOTION TO DISMISS**

Now comes Phillip Wolf (alleged defendant) dba PHILLIP WOLF (Defendant) and respectfully answers the complaint and moves this respectable court to dismiss the case on the grounds that plaintiff has stated a claim upon which relief cannot be granted.

## ANSWER

1. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "1.", defendant is without knowledge to confirm or deny.

2. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "2.", defendant denies.

3. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "2.", defendant states that Phillip Wolf has a habitation on the Land known as Colorado

1. and that the entity known as PHILLIP A. WOLF is a resident of STATE OF COLORADO.

4. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "3.", defendant agrees.

5. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "4.", defendant denies.

6. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "5.", defendant denies.

7. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "6.", defendant agrees.

8. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "7.", defendant denies.

9. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "8.", defendant agrees.

10. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "9.", defendant is without knowledge to confirm or deny.

11. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "10.", defendant denies.

12. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "11.", defendant denies.

13. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "12.", defendant denies.

14. Regarding FACTS COMMON TO ALL CLAIMS FOR RELIEF, paragraph "13.", defendant denies.

## MOTION TO DISMISS

15. Defendant moves this court to dismiss this for failure to state a claim upon which relief can be granted on the grounds that plaintiff representatives, Josh Romney and Anthon Stouffer, had personal knowledge of the method of payment/financing to pay/setoff the purchase price.

16. Romney and Stouffer failed to mention in their complaint that there was a third document (Disclosure of payment method) that was tendered at the same time/before the contract signing. This fact was disclosed as Frank Robbins, original seller, wanted disclosure as to source of funds.

17. If plaintiff was injured it was at the devices of their own hands. It appears that plaintiff is appearing without clean hands.

18. Defendant also attaches an affidavit disclosing the story and details of the transaction proposal.

19. Proposed purchase agreements occur every day. Some close and some do not.

20. Plaintiff's request for compensation of gain or interest therein is without merit.

21. Plaintiff's request for earnest money compensation is without merit as it was plaintiff's not that of defendant as disclosure was made as to source of funds.

22. Defendant believes that plaintiff's greed is factor in consideration for suit not a basis in law for breach of contract.

\
\
\

Respectfully submitted this 23rd day of November 2008.

_____
Phillip Wolf

| | |
|---|---|
| 1 | I, Phillip A. Wolf, affirm under penalty of perjury that I have read the foregoing, know the contents |
| 2 | therein and that to the best of my knowledge, understanding and belief, it is true, correct, and not |
| 3 | misleading, the truth, and nothing but the truth. |

*[signature]*

Phillip Wolf
4855 Miller Street
Wheat Ridge, Colorado 80033
In Propria Persona (not Pro Se)
Proceeding without counsel
\

Jurat

\
State of Colorado     )
                      )    Subscribed, affirmed and sealed
Jefferson county      )
\
On this 15th day of February 2009 the signor did personally appear before me, is known to be the person described herein, who executed the foregoing, affirmed the contents thereof, and executed the same as his free act and deed. Subscribed and agreed to before me the undersigned Notary.

Notary Officer _Tina M. White_

*[Notary Seal: TINA M. WHITE, NOTARY PUBLIC, STATE OF COLORADO]*

My Commission Expires 01/02/2011

\
\
\

## CERTIFICATE OF SERVICE

COPY of the forgoing hand delivered,
This ____ day of _____, 2008, to:

Bret F. King
King & King, LLC
610 West Broadway, Suite 201
PO Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 - facsimile

_____

Service performed by:
_____
_____
_____
_____

I Phillip Adolf certify that a copy via 1st/class mail was mailed to Bret King at 610 W Broadway, Suite 201 Jacksonwyo. P.O. Box 40 83001 on November 24th 2008

Phillip Wolf
4855 Miller Street
Wheat Ridge, Colorado 80033
In Propria Persona (not Pro Se)
Proceeding without counsel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

BEAVER CREEK LAND & CATTLE, LLC, )
    **Plaintiff,** )  Case No.: 08-CV-202-J
    vs. )
PHILLIP WOLF, )  **AFFIDAVIT IN SUPPORT OF ANSWER AND MOTION TO DISMISS**
    **Defendant.** )

State of Colorado )
                          ) Subscribed, affirmed and sealed
Jefferson county )

1. I, Phillip A. Wolf (Affiant/Authorized Representative), appear and state under penalty of perjury that the following is true and correct.

2. Affiant's habitation is on the soil of Jefferson county, Colorado.

3. I Phillip A. Wolf affirm to these following details.

4. I was told of a ranch property in Wyoming by Jeff Bretherton who introduced me to an Anthon Stouffer by telephone.

5. Following a couple of telephone conversations Jeff and I agreed to meet in Thermopolis Wyoming on a Friday.

6. Over lunch Jeff and I talked about several generalities on the property, some of which the conversation concerned payment.

7. Mr. Bretherton had already told them about our purchase, payment options as much as he knew, dealing with bond, treasury access, etc.

8. We toured the proposed ranch property by car on Friday and had dinner with the seller Mr. Robbins that night.

9. Stouffer told me "whatever you do don't tell Robbins we are going to flip the ranch to you, as far as he knows Wolf is a part of Beaver Creek Land and Cattle Co."

10. Then we toured by helicopter on Saturday morning.

11. After I returned home the following week and several more discussions about the property and payment (Jeff and Robbins wanting to know more about the process of going to US Treasury, **Exhibits attached**) we agreed to move forward with the transaction.

12. One of the considerations was to accept the contract with no earnest money.

13. ALL OR NOTHING was the final acceptance, however, the seller wanted assurance the money would be there so I sent a copy of my paper work along with a disclosure to all parties stating my intent was not to cause fraud, harm, misrepresentation, etc. of any kind, that this was the first time I had used this method in purchasing something of this size and gave full disclosure to all parties including Mr. Robbins.

14. The disclosure must have been good enough, because we entered into contract with all of these terms spelled out in the contract.

15. I sent in my paper work to US Treasury with all documents necessary and waited.

16. Several calls came in periodically from the seller's side wanting to know if we had heard anything, and me repeating same answers.

17. There was nobody to talk to at the US Treasury so we just waited for the US Treasury to perform.

18. I believe we had an extension of time at one point but kept waiting.

19. I did receive a couple of correspondences with I.R.S./Treasury that I shared with the plaintiff, but still no money/performance by Treasury.

20. After we reached an impasse everybody's memory seems to fade on how we got there and fingers pointed and all of this was my fault and it caused a lot of harm to parties (which I am sure it did).

21. All parties tried to keep people in the loop to hopefully salvage the deals pending but to no avail.

22. There was another attempt to extend the contract but with a $1million, non refundable deposit.

23. I restated, remember the ALL OR NOTHING we talked about from the beginning, and the answer was always the same "NO."

24. Now here we are.

\
\
\

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

BEAVER CREEK LAND & CATTLE, LLC, )
    Plaintiff, )
)
vs. ) No. 08-CV-00202J
)
PHILLIP A. WOLF, )
    Defendant. )

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT

The defendant's Motion to Set Aside Entry of Default and the defendant's Motion for Reconsideration for Entry of Default, and the plaintiff's response in opposition thereto have come before the Court for consideration. The Court, having considered the motions, all matters of record, and being fully advised in the premises, FINDS that the defendant's motions seeking to set aside entry of default should be GRANTED, for the reasons stated below.

### Background

Plaintiff filed its complaint asserting claims for breach of contract against the above captioned defendant on September 15, 2008. The Court's electronic records reflect that the summons was returned on November 16, 2008, and that personal service was obtained on defendant Phillip A. Wolf on November 10, 2008. Plaintiff requested entry of default on December 15, 2008, and

1

judgment.

The Court also reminds defendant Wolf that, although he has elected to represent himself without the benefit of counsel in this matter, he is bound to comply with all rules and orders of this Court, including the Local Rules for the United States District Court for the District of Wyoming and the Federal Rules of Civil Procedure.

After the defendant has filed his answer, the matter shall proceed in the usual manner, including self-executing discovery and an initial pretrial conference at a date and time to be set by separate order of Magistrate Judge Beaman. In view of the foregoing disposition, the Court further finds that the status conference, presently scheduled for **February 6, 2009 at 9:00 a.m.** is not required and that the status hearing date should be **VACATED.**

Accordingly, it is

**ORDERED** that defendant Wolf's motions seeking to set aside entry of default shall be, and are, **GRANTED.** It is further

**ORDERED** that defendant shall file his answer to the plaintiff's complaint on or before **February 13, 2009.** The *pro se* plaintiff is reminded that he must comply with all rules of procedure and orders of this Court in all future proceedings. It is further

**ORDERED** that the status conference set for **February 6, 2009** at 9:00 a.m. in Cheyenne, Wyoming shall be, and is, **VACATED.**

Dated this 27th day of January 2009.

UNITED STATES DISTRICT JUDGE

5