Bret F. King
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 facsimile

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, <br> a Utah Limited Liability Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PHILLIP A. WOLF, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 08-CV-202-J <br> ) <br> ) <br> ) <br> ) |

## PLAINTIF'S OPPOSITION TO DEFENDANT'S
## SECOND MOTION TO DISMISS

COMES NOW, Plaintiff Beaver Creek Land & Cattle, LLC ("Plaintiff"), by and through counsel undersigned, and moves this Court for an order denying Defendant's second Motion to Dismiss ("Second Motion to Dismiss").

## INTRODUCTION

Defendant, Phillip A. Wolf ("Defendant") has now filed a Second Motion to Dismiss in this action. As with Defendant's first Motion to Dismiss, filed with Defendant's answer, Plaintiff's Second Motion is frivolous and lacks any remotely legitimate arguments or grounds for dismissal. In addition, Defendant's Second Motion to Dismiss violates the procedural requirements of F.R.C.P 12(b)(6), as it was filed after Defendant's responsive pleadings.

Although Plaintiff understands affording Defendant some leeway as a *pro se* litigant, this is the second baseless motion to dismiss that Plaintiff has been forced to respond to. This Court has already admonished Mr. Wolf that he must comply with all procedural rules and deadlines in this case. *See* Order Granting Defendant's Motion to Set Aside Entry of Default Judgment, January 27, 2009. Defendant's motion appears to have been filed for no other purpose than to force Defendant to spend time and money preparing a response. Therefore, in addition to filing this opposition, Plaintiff has given Defendant 21 days notice, pursuant to F.R.C.P. 11(c), of Plaintiff's intention to file a motion for sanctions, pursuant to F.R.C.P. 11(b), seeking costs and fees associated with responding to Defendant's Second Motion to Dismiss.

## DEFENDANT'S MOTION IS UNTIMELY AND SHOULD NOT BE CONSIDERED

Defendant's motion to dismiss for failure to state a claim is untimely and should not be considered by this Court. Motions under F.R.C.P. 12(b)(6) must be filed prior to Defendant's filing of a responsive pleading. Defendant filed his Answer on February 12,

2009, and therefore Defendant's current motion to dismiss is improper and should not be considered.

## DEFENDANT'S MOTION IS FRIVOLOUS

In the event that this Court chooses to consider Defendant's motion, it should be denied. Defendant's motion makes three arguments as to why Plaintiff's Complaint should be dismissed: 1) Waiver; 2) Venue; and 3) Unavailability of remedies. Each of these arguments is baseless.

First, Defendant argues that Plaintiff "made assurances to the Defendant that remedy such as that pursued through this action was unavailable to the parties to the subject proposed transaction now in controversy." *See* Second Motion to Dismiss at ¶1.2. Defendant seems to be implying that there was some agreement between the parties that neither would sue the other for breach. Defendant does not support his Motion with any admissible evidence or affidavits. Such an agreement is also contrary to the clear language of the Contract which provides that the seller/plaintiff retained, in addition to retaining any earnest money deposit, "any and all other remedies available to Seller in law or equity."

Second, Defendant argues that §8.1 of the contract, establishing that the contract would be interpreted under Wyoming law, bars the current action in federal court. *Id.* at ¶1.7. Although this action is being pursued in federal court, §8.1 of the contract clearly states that Wyoming law will govern the enforcement and interpretation of this Agreement. In this case there is no dispute as to the fact that Wyoming law will apply. Furthermore, even if there was a dispute, under Wyoming choice of law rules, the law of the state chosen by the parties to govern their contract presumptively applies. Res. *Tech.*

*Beaver Creek Land & Cattle, LLC v. Phillip A. Wolf*
Plaintiff's Opposition to Defendant's Second Motion to Dismiss
Page 3 of 5

*Corp. v. Fisher Scientific Co.*, 924 P.2d 972, 975 (Wyo. 1996); Restatement (Second) of Conflict of Laws § 187. Federal courts routinely enforce the parties' choice of law provisions and there is no reason this Court cannot interpret the contract at issue under Wyoming law. See, e.g., *Griffin v. Bank of America* 971 F.Supp. 492, 496 (D.Kan. 1997). There is no provision of the contract that requires that the action be venued in Wyoming state courts.

Third, Defendant appears to argue that §2.2 of the contract should be interpreted such that Defendant cannot be held liable for his breach. The language of §2.2 states that in the event that buyer (Defendant) failed to close, seller (Plaintiff) would receive the Earnest Money, "Which Seller may retain in addition to any and all other remedies available to Seller in law or equity." Defendant somehow interprets this clause to mean that Plaintiff has no remedies for Defendant's breach. It is difficult to follow Defendant's reasoning, as there is nothing in this clause that would prevent Plaintiff from pursuing the current action.

There is no legitimate basis for dismissal presented in any of Defendant's three arguments. Defendant's entire motion is frivolous and serves no purpose other than to cause Plaintiff to spend time and incur expenses in preparing a response.

## CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Dismiss should not be considered by this Court. However, in the event that this Court chooses to entertain Defendant's Motion, it should be denied.

DATED this 12th day of June, 2009.

_____/s/_____
Bret F. King
Wyoming Bar No. 5-2353
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 – facsimile
kinglaw@wyom.net
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of June, 2009, a true and correct copy of the foregoing was served upon the following person, by placing the same in the service indicated, postage prepaid, addressed as follows:

| | | |
|---|---|---|
| Peter A. Wolf | [X] | U.S. Mail |
| 4855 Miller Street | [ ] | Hand-Delivery |
| Wheat Ridge, CO 80033 | [ ] | Telefacsimile |
| | [ ] | Other: |