FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 1 2 2009

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-CV-00202J |
| ) | |
| PHILLIP A. WOLF, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MAY 29, 2009 VERIFIED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The defendant's May 29, 2009 Verified Motion to Dismiss for Failure to State a Claim (Docket Entry 17) and the plaintiff's opposition to the second motion to dismiss (Docket Entry 18) have come before the Court for consideration. The Court, having reviewed the parties' written submissions, all matters of record, the applicable law, and being fully advised, FINDS that the defendant's Verified Motion to Dismiss for Failure to State a Claim should be DENIED, for the same reasons that defendant's previous motion to dismiss was also denied.

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may file a motion to dismiss for failure to state a claim upon which relief may be granted. Defendant Wolf's motion is simply insufficient to permit entry of an order granting his motion to dismiss pursuant to Rule 12(b)(6). As the Court stated in its prior order, at best, the Court views the defendant's submissions as evidence that indeed there is a dispute as to numerous material facts and that defendant Wolf disagrees that plaintiff is entitled to the relief sought in the complaint. Defendant has offered excerpts from the parties' underlying agreement, in support of his argument that plaintiff has never been more than a prospective purchaser of the subject property. Defendant has contended the contract makes no mention of liability for future damages as a result of alleged breach of the contract. While the Court is in no position to evaluate defendant's contentions as a matter of law at this juncture, it does appear that most of the factual material defendant offers is more relevant as a potential defense to the plaintiff's claims or as an affirmative defense. However the defendant's submissions are viewed, they do not provide a sufficient basis for granting his motion to dismiss for failure to state a claim.

The Court agrees with the plaintiff that the second motion is untimely and does not comply with the requirements of Fed. R. Civ. P. 12(b)(6). Defendant's

answer, which included therein a motion to dismiss, was filed February 12, 2009. A separate order denying that initial motion to dismiss has been entered. The instant motion raises the same, or substantially similar assertions, and does not offer any cognizable basis for entry of an order granting the motion. In the Court's view, the assertions contained in the motion are without merit and the motion must be denied. As such, the defendant's verified motion to dismiss for failure to state a claim will be denied.

The Court notes that the Order on Initial Pretrial Conference (Docket Entry 14) shall continue to govern all applicable deadlines in this case. The *pro se* defendant is reminded that he must comply with all Orders of this Court and the applicable Local Rules and Federal Rules of Civil Procedure in all respects. While a *pro se* litigant is afforded a certain amount of latitude, compliance by a *pro se* litigant with the pertinent rules of procedure and court orders is not excused. It is therefore

**ORDERED** that the defendant's Verified Motion to Dismiss for Failure to State a Claim, Docket Entry 17, shall be, and is, **DENIED.**

Dated this 12th day of June 2009.

UNITED STATES DISTRICT JUDGE