Bret F. King
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 fax

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, a Utah Limited Liability Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Civil Action No. 08-CV-202-J ) |
| PHILLIP A. WOLF, | ) ) |
| Defendant. | ) |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND RULE 37 CERTIFICATION**

Plaintiff, by and through counsel undersigned, and pursuant to the Court's request of August 24, 2009, hereby submits its Reply to Defendant's Opposition to Plaintiff's Motion For Sanctions ("Plaintiff's Reply").

## I. INTRODUCTION

Defendant's Opposition to Plaintiff's Motion for Sanctions ("Defendant's Opposition") is yet another clear statement of Phillip Wolf's unwillingness to meaningfully participate in the discovery process. Defendant's Opposition leads with the ominous declaration that "if this were taking place in New Mexico the Defendant would have the statutory right to kill everyone who doesn't turn away," and goes on to state that Mr. Wolf feels he has made a "good faith effort to answer, one by one, all <u>relevant</u> queries in the subject discovery ordered by the Court…" <u>See</u> Defendant's Opposition at ¶1.3 and ¶1.13. Defendant underlines the word relevant, presumably to emphasize the fact that he has responded to the discovery which he finds relevant.

Mr. Wolf's statements comport with his approach to this entire litigation: Defendant delays, obstructs, and threatens, all while claiming that he is participating in good faith. By declaring that he will answer what he deems "relevant," Mr. Wolf presumes to put himself above the law and this Court. Furthermore, and contrary to Mr. Wolf's definition of the term "relevant," this Court has already found that Plaintiff's discovery requests were "relevant or likely to lead to the discovery of evidence admissible at trial." <u>See</u> Order Granting in Part and Denying in Part Plaintiff's Motion to Compel, August 7, 2009 ("Order Granting Motion to Compel").

Defendant has demonstrated a total unwillingness to meet his discovery obligations, as outlined in Plaintiff's Motion for Sanctions, Motion to Compel, and this Court's order granting Plaintiff's Motion to Compel. Defendant has not produced a single document, has walked out of his deposition after 15 minutes, and has within the past two days, provided a series of incomplete and evasive written discovery responses. Defendant's refusal to cooperate has cost Plaintiff many hours and discovery has barely progressed in the 12 months since Plaintiff filed its Complaint. Tellingly, Defendant's Opposition fails to counter Plaintiff's claim that sanctions are appropriate, as there is no reasonable basis for Defendant to contend that he has complied with

his discovery obligations. Indeed, rather than respond to the discovery or the Motion for Sanctions, he argues his perceived merits of his defense to the Complaint.

Noticeably, the Defendant has not addressed the Motion for Sanctions. He has not put forth any argument as to why sanctions, including entry of default, are not an appropriate remedy. He is unrepentant of his having walked out on his deposition. And more importantly, he gives every indication that his obstructive conduct will continue, if not worsen. The Defendant will apparently determine what is "relevant", and not this Court. Giving the Defendant more "chances" will be an exercise in futility and a waste of the Plaintiff's time and resources.

## II. STATUS OF DISCOVERY

Plaintiff (through its counsel) has been patient, courteous and professional with the Defendant, and has spent an extraordinary amount of time and effort seeking to encourage and secure Defendant's participation in this litigation only to be threatened and still told that Defendant believes he has already complied. Defendant's discovery responses and deposition transcript make it clear that Defendant has not complied. Below is a summary of where discovery stands at this point.

### A. Defendant Has Not Produced a Single Document and Has Not Appropriately Responded to Plaintiff's Written Requests for Production

Defendant has not produced a single document in response to Plaintiff's Request for Production of Documents filed on April 15, 2009. Defendant was ordered by this Court to appropriately respond to Plaintiff's written Requests for Production. However, Defendant's Disclosures under order to compel dated August 7, 2009 ("Defendant's Disclosures") are once again evasive and incomplete.

This Court ordered Defendant to respond to all requests described in Plaintiff's June 25, 2009 letter to Defendant, which included Requests for Production numbers 1, 2, and 4-15. *See*

Order Granting Motion to Compel at p.6. Defendant's Disclosures do not identify any documents and instead are riddled with internal cross-references to previous responses, which are themselves non-responsive.

The following is a list of Defendant's deficient responses to Plaintiff's Requests for Production:

1. **Request for Production No. 2**: Defendant did not answer Request for Production #2 which seeks information as to how the Defendant was going to fund this multi-million dollar purchase. Instead Defendant claims he has insufficient information to respond. It is inconceivable that he would not have sufficient information to respond. *See* Defendant's Disclosures at p.5.

2. **Request for Production No. 4**: Defendant responds that Plaintiff already has such documents whereas his first set of discovery responses stated that he would submit to inspection regarding those documents. Defendant has produced no documents in this litigation.

3. **Requests for Production No. 7-14**: Mr. Wolf responds "All documents requested are in Plaintiff's possession or are not available to the Defendant for reasons already stated." *See* Defendant's Disclosures at p.5. Once again, Defendant does not identify any documents or indicate which documents are responsive and has produced no documents in this litigation.

4. **Request for Production No. 15**: Mr. Wolf responds "See #7-14." As above, Defendant does not identify any documents or indicate which documents are responsive, and has produced no documents in this litigation.

**B.     Defendant's Responses to Plaintiff's Interrogatories and Requests for Admission Are Once Again Insufficient**

Defendant's Disclosures, provided under Court order, ostensibly provide updated responses to Plaintiff's Requests for Admissions ("RFA") and Interrogatories. However, the following Interrogatory and RFA responses are still not properly answered:

**Interrogatory Responses:**

1. **Interrogatory No. 4**: Defendant was asked to state in detail what consideration he gave or paid for the bonds he acquired and intended to use for the funds to purchase the property. His response is: "Gave and paid NO consideration and received no bond. Plaintiff is talking about securities which do not exist." *See* Defendant's Disclosures at p. 4. Mr. Wolf has consistently maintained that he had a bond that he was going to use to purchase the property at issue in this litigation. *See, e.g.,* May 20, 2008 letter from Phillip A. Wolf, attached hereto as Exhibit 1. This response is, at best, intentionally misleading, confusing, and vague.

2. **Interrogatory No. 5**: Defendant was asked to explain how he acquired the bonds he intended to use to obtain the funds for closing, including but not limited to when, from whom, for how much and the circumstances surrounding your acquisition, or right of ownership, to the bonds. Mr. Wolf's response was: "The bond(s) alluded to by the Plaintiff in #5 is a privately issued security and was not "acquired." *See* Defendant's Disclosures at p. 4. Again Defendant was asked about the bond at issue in this case and again Mr. Wolf answers evasively and incompletely.

3. **Interrogatory No.9:** Defendant refuses to answer Interrogatory No. 9. Interrogatory No. 9 is a crucial interrogatory. This interrogatory states: "In a letter from you dated May 20, 2008 "Re: Payment Settlement of Frank Robbins Ranch" you stated therein that you are "relying upon good faith and previous experience in settling other accounts using this method". Please identify each and every other account, obligation or contract in which you have been involved and settled using funds from bonds "using this method", and identify all documents from such transactions." Plaintiff is entitled to discover the basis for this representation as Defendant represented to Plaintiff that he had previously used this method to settle other accounts and Plaintiff relied on this representation in going forward with this deal.

4. **Interrogatory No. 10:** Defendant was asked to identify all documents concerning the establishment and maintenance of the "express *cestui que* trust" referenced in his "Letter of Instruction" dated May 9, 2008 to Henry M. Paulsen, Jr., Department of the Treasury. Defendant's response is "All documents responsive to this request are in the possession of, and are the property of, the U.S. government. Defendant cannot provide." <u>See</u> Defendant's Disclosures at p. 5. Defendant's response does not *identify* any documents nor does it explain what the express cestui que trust is. This response is vague and incomplete.

5. **Interrogatory No. 11**: Defendant was asked to identify who prepared or provided him with the Private Discharging and Indemnity Bond, No. 10001, with an issuance date of May 7, 2008 and date of expiration of May 6, 2028 with a stated value of three hundred million dollars ($300,000,000.00). Defendant's response is "Self prepared. Plaintiff is in possession of copy." <u>See</u> Defendant's Disclosures at p. 5. Clearly Defendant did not prepare this bond himself out of thin air. It came from somewhere although he may have filled in the blanks. Previously Mr. Wolf answered that this bond was provided by him and "sureties" but did not identify his sureties or provide their contact information. <u>See</u> Defendant's Response to Plaintiff's Second Requests for Admissions and Second Set of Interrogatories, Response to Interrogatory No. 2, attached hereto as Exhibit 2. Mr. Wolf's response is even more evasive and misleading than his prior answer, as he now removes any reference to the "sureties" as having a role in the preparation of this bond.

*Beaver Creek Land & Cattle, LLC v. Phillip A. Wolf*
Reply to Defendant's Opposition to Plaintiff's Motion for Sanctions and Rule 37 Certification
Page 6 of 10

**First Set of Requests for Admissions[1]:**

1. **Request for Admission No. 1**: Defendant was asked to explain his denial of Request for Admission No. 1 and has still not done so. Defendant's Disclosures do not address this interrogatory as required by Court order.

2. **Request for Admission No. 7**: Defendant was asked to explain his denial of Request for Admission No. 7 and has still not done so. Defendant's Disclosures do not address this interrogatory as required by Court order.[2]

3. **Request for Admission No. 8 not answered**: Defendant was asked to explain why he refused to admit that he was aware that Plaintiff had contracted to purchase the land at issue. Defendant's explanation was: "Verbal communications only, Defendant had not seen any documentation of such." <u>See</u> Defendant's Disclosures at p. 5. This response is vague and misleading. Defendant does not explain what the verbal communications were and whether Defendant was informed that Plaintiff had contracted to purchase the land at issue.

4. **Request for Admission No. 9**: Defendant was asked to explain why he refused to admit that he was aware that the closing of the contract between Plaintiff and Robbins was set to close almost simultaneously with the Agreement between Defendant and Plaintiff. Defendant responds: "'Almost simultaneously' is not defined. Verbal communications only, dates were close to one another." <u>See</u> Defendant's Disclosures at p. 5. This response is evasive. Defendant does not reveal the content of the verbal communications and does not answer whether he was aware that the two contracts

---

[1] Mr. Wolf was asked in Interrogatory No. 6 to explain his reasons for any Request for Admission that he denied. The following are Mr. Wolf's inadequate explanations for all Requests for Admissions that he denied.

[2] Note that Defendant does address Request for Admission No. 7 from Defendant's Second Set of Requests for Admissions, but this is a separate request and Defendant also answers that request improperly.

were set to close almost simultaneously. The two contracts were set to close on the same day, and Defendant's knowledge of this fact is relevant.

5. **Request for Admission No. 10:** Defendant was asked to explain why he refused to admit that he was aware that Plaintiff was relying upon funds from the Agreement between Plaintiff and Defendant to close on Plaintiff's contract with Robbins. Defendant responds: "No such language is found in the subject Agreement, which is 'the sole agreement, with no contingencies' like suing under federal law." See Plaintiff's request for admissions #6, *supra*." <u>See</u> Defendant's Disclosures at p. 5. This explanation is non-responsive, evasive, and incoherent. Defendant is not asked about the language in the Agreement, he is asked whether he was made aware that his funds were necessary for Plaintiff's closing with Robbins. Defendant avoids the question by saying that no such language is found in the Agreement. Furthermore, Plaintiffs have documents showing that Defendant was aware that Plaintiff was relying on his funds to close with Robbins, and Defendant does not mention these documents. For example, Plaintiffs have an email in which Defendant asks whether Plaintiff has any other source of funding and Plaintiff replies "No." <u>See</u> Exhibit 3 attached hereto. Defendant did not produce this email.

**Second Set of Requests for Admissions**

1. **Request for Admission No. 7:** Defendant was asked to explain why he refused to admit that no actions on the part of Plaintiff caused Defendant to breach the Agreement. Defendant's responds: "OBJECT, Robbins, the Principal(s), were told by Stouffer and Romney that Beaver Creek, LLC was the purchaser." <u>See</u> Defendant's Disclosures at p. 5. This explanation is non-responsive and incoherent. This response does not answer the question of whether any actions by Plaintiff caused Defendant to breach the contract. Defendant admits in response to the previous interrogatory that he breached the Agreement when he failed to

tender the purchase price before or on the date of closing. Defendant's response to this Request is incomprehensible.

### C. Defendant's Deposition Participation Was a Sham

As noted in Plaintiff's Motion for Sanctions, the Defendants participation at his deposition was a preplanned sham. He came with his own agenda to serve documents, answer a couple of questions "as a courtesy", and then leave – which he did.

Although the Defendant infers that he would attend another deposition, he requests that it be done over the phone or in writing and does so under the threat of violence to the Plaintiff's counsel stating "If Plaintiff's counsel thinks this is disruptive, Mr. King should imagine what necessary force looks like; he'll lose. Felons irritate the Defendant and it would therefore really be advisable in the future for Mr. King to never be in the presence of the Defendant lest he be arrested and taken to the authorities."

## III. CONCLUSION

Defendant's Opposition and Defendant's Disclosures in response to this Court's order follow the same strategy Mr. Wolf has pursued throughout this litigation. Defendant's Opposition has added to Mr. Wolf's list of misconduct, by including multiple thinly veiled threats. Defendant provides no justification for his refusal to cooperate and no indication that he will meaningfully participate in the future. Plaintiff has requested that this Court enter a default against Defendant and Defendant's Opposition and evasive disclosures confirm that such an Order would be appropriate.

DATED this 28th day of August, 2009.

*Beaver Creek Land & Cattle, LLC v. Phillip A. Wolf*
Reply to Defendant's Opposition to Plaintiff's Motion for Sanctions and Rule 37 Certification
Page 9 of 10

_____/s/_____
Bret F. King
Wyo. Bar No. 5-2353
King & King, L.L.C.
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 – facsimile
kinglaw@wyom.net
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

This is to certify that on this 28th day of August, 2009, a true and correct copy of the foregoing was served upon the following person, by electronic mail and by placing the same in the service indicated, postage prepaid, addressed as follows:

| | | |
|---|---|---|
| Phillip A. Wolf | [X] | U.S. Mail |
| 4855 Miller Street | [ ] | Hand-Delivery |
| Wheat Ridge, CO 80033 | [ ] | Telefacsimile |
| Pkwolf1@gmail.com | [X] | E-Mail |

_____/s/_____
King & King, LLC