FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT - 5 ...

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAR CREEK LAND & CATTLE, LLC, | ) No. **08-CV-202-J** ) |
| PLAINTIFF, | ) DEFENDANT's 2nd AFFIDAVIT OF PREJUDICE ) to recuse Judge A. Johnson, Beaman, for cause. ) |
| vs. | ) Violations of 18 USC § 3, 4, 241, and 1341. ) ) |
| Philip Andrew; Wolf, Defendant. | ) MANDATORY JUDICIAL NOTICE and ) Offer of Proof. |

I. ISSUE.

1.1 COMES NOW, Defendant above named (hereinafter "Defendant"), all rights reserved without express waiver of such, seeking the recusal of Judge Alan B. Johnson and others similarly situated as those with knowledge of the nature of the Plaintiff's suit and conduct as complained of in Defendant's September 30, 2009, 18 USC § 4 criminal complaint to the F.B.I. attached hereto.

1.2 In said criminal complaint (hereinafter "complaint") Judge Alan B. Johnson has been identified as a criminal sponsoring the criminal misconduct of U.S. magistrate William C. Beaman who has recommended that Defendant be sanctioned for not discussing nonexistent bonds, for not answering admissions to which this Court's order to compel did not address itself, and for simply dreaming up facts while choosing, in *Sotomayorian* moments all their own, to ignore other facts, while law percolates and estates are ruined; America's judges.

DEFENDANT'S AFFIDAVIT OF PREJUDICE
to recuse Judge Alan B. Johnson, other.   Page 1 of 4

Philip Andrew; Wolf
c/o P.O. Box 16804
Golden, CO  80402

1.3 While the subject contract states that the Plaintiff will acquire the property by or before closing date, and that the Defendant will <u>then</u> purchase the property from the Plaintiff, Johnson and Beaman inject their gender and rich Latina heritage in place of inferior rulings and faculties of white males, contriving all necessary facts for Plaintiff's victory; the Court is for fraud. Inasmuch as all of this is mere felony theft and conspiracy, the Defendant requires instruction about his 2nd Amendment rights to put it all to a halt as soon as possible. In addition, the Defendant requires instruction as to whether placement of a lien on all property of one who cannot refute with competent evidence the allegations made herein is unlawful. Defendant believes that such conduct is lawful until such proof is <u>on the record in this case</u>.

1.4 The term "remedies" in the subject contract is being intentionally misread to mean "compensation for loss of potential profit" which it is not; *remedy* is a means to preserve a right or to be compensated, but it in and of itself is not more than a means. Watching Judge Johnson sit idly by while false claims expressly prohibited under the subject contract in controversy progress convinces the Defendant that he is corrupt.

1.5 The attached complaint is incorporated by this reference as if fully restated herein. *Any and all emphasis* employed herein may be construed to have been added. All attachments hereto are incorporated by this reference as if fully restated herein.

## II. AUTHORITIES & APPEARANCE OF FAIRNESS.

2.1 Defendant truly desires that Judge Alan B. Johnson and Beaman assign this case to another judge, <u>not a magistrate</u>, because of Johnson's willingness to allow, or failure to identify, overtly fraudulent representations to be made to this Court.

> *"I concur in the judgment of reversal solely on the ground that these contempt convictions must be regarded as infected by the fact that the unprecedented long sentence of 22 years which they carried was imposed by a judge who himself had been the victim of petitioner's shockingly abusive conduct. That circumstance seems to me to deprive the contempt proceeding of the appearance of evenhanded justice which is at the core of due process. For this reason, I think the contempt convictions must be set aside,* leaving the State free to try the contempt specifications before another judge or to proceed otherwise against this petitioner.
> *It is unfortunate that this Court's decision in Illinois v. Allen, 397 U.S. 337 (1970), was not on the books at the time the criminal case against this petitioner was on trial. The courses which that decision lays open to trial judges for coping with*

DEFENDANT'S AFFIDAVIT OF PREJUDICE
to recuse Judge Alan B. Johnson, other.    Page 2 of 4

Philip Andrew; Wolf
c/o P.O. Box 16804
Golden, CO 80402

*outrageous courtroom tactics of the sort engaged in by this petitioner would doubtless have enabled Judge Fiok to deal with the petitioner in a manner that would have obviated the regrettable necessity for setting aside this contempt conviction.*"

See *Mayberry v. Pennsylvania*, 400 US 455 (1970), MR. JUSTICE HARLAN, concurring.

2.2 A party claiming an appearance of fairness doctrine violation has the burden of showing it. *Lake Forest Part v. Hearing Board*, 76 Wn.App. 212, 217 (1994). This state's appearance of fairness doctrine is similar to the constitutional requirement of an unbiased tribunal mentioned above. But it goes farther than the impartiality requirement in that it not only requires an impartial decision maker to be fair, but requires the decision maker to also *appear* to be fair. See *Offutt v. US*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice"); *Medina v. California*, 505 US 437, 464 (1992)(Blackmun, dissent)("In matters of ethics, appearance and reality often converge as one.").[1]

2.3 Appearances of bias are damaging to the public's confidence in our legal system. *State v. Madry*, 8 Wn.App. 61, 70 (1972). The key question is how the proceeding appears to a reasonably prudent and disinterested person. *Brister v. Tacoma City Council*, 27 Wn. App. 474, 487, (1980); *Chicago, Minn., St. Paul & Pacific RR v. State Human Rights Comm'n*, 87 Wn.2d 802, 810 (1976); *Swift v. Island County*, 87 Wn.2d 348, 361 (1976).

2.4 Even when a possible conflict of interest or bias doesn't actually occur, but **appears** to occur, it is enough to trigger this doctrine. *Narrowsview-Preservation Ass'n v. Tacoma*, 84 Wn.2d 416, 420 (1974); *Buell v. Bremerton*, 80 Wn.2d 518, 523 (1972). Adjudicators must be "free of entangling influences." *Buell* at 523. And again, the mere possibility, rather than actuality, of a conflict of interest or bias is enough show a violation. *Id.* at 524.

---

[1] See also *Ex parte McCarthy*, [1924] 1 K.B. 256, 259 (1923) ("[J]ustice should not only be done, but should manifestly and undoubtedly be seen to be done"). I do not see how the appearance of fairness and neutrality can obtain if the bare possibility of a fair hearing is all that the law requires. Cf. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)(noting the importance of "preserv[ing]" both the appearance and reality of fairness," which "'generat[es] the feeling, so important to a popular government, that justice has been done'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring)). *Litkey v. US*, 510 US 540, 565 (1994))"; *Press-Enterprise Co. v. Superior Ct.*, 487 US 1, 9, 13 (1986); *Vasquez v. Hillery*, 474 US 254, 271 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 US 596, 606 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 US 555, 595 (1980); *Marshall v. Jerrico*, 446 US 238, 242 (1980); *Estes v. Texas*, 381 US 532, 543 (1965) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. . . . [T]o perform its high function in the best way, "justice must satisfy the appearance of justice." *Offutt v. US*, 348 U.S. 11, 14."); *Kentucky v. Stincer*, 482 US 730, 751 (1987) (dissent); *Greenholtz v. Inmates of Nebraska Penal Complex*, 442 US 1 (1979) (dissent).

DEFENDANT'S AFFIDAVIT OF PREJUDICE
to recuse Judge Alan B. Johnson, other.     Page 3 of 4

Philip Andrew; Wolf
c/o P.O. Box 16804
Golden, CO 80402

2.5 Presiding officer's failure to recuse when obliged to do so violates cannons of judicial conduct. (See *In re Scott*, 52 Cal.3d 968 (1991), 277 Cal.Rptr. 201, 802 P.2d 985, 91 CDOS 450, 91 Daily Journal DAR 700).

2.6 The appearance of fairness is lost through Defendant's having complained as detailed above. The Defendant demands that Judge Alan B. Johnson and U.S. magistrate Beaman recuse themselves from this case as presiding trier of fact.

### III. CONCLUSION & VERIFICATION.

3.1 I, Philip Andrew; Wolf, do hereby declare under penalties of perjury (28 USC § 1746) that the foregoing statements are true and correct, and that all exhibits attached hereto are true and correct to the best of my knowledge and belief. Executed this 30th day of September, 2009.

_____
Philip Andrew; Wolf, Affiant

3.2 The above affirmation was subscribed and duly sworn to before me this 30th day of September, 2009 by Philip Andrew; Wolf.

3.3 I, _____, am a Notary under license from the State of Colorado whose Commission expires 1/2/2011, and be it known by my hand and my Seal as follows:

_____
Notary signature
My Commission Expires 01/02/2011

Dated: 9\30\09

Presented by:
_____
Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

**CERTIFICATE OF SERVICE**: I, _____, do hereby certify that I did deposit in U.S. Post First Class and in adequate packaging two copies of the attached documents (Philip Andrew; Wolf's Affidavit of Prejudice w/felony complaint under 18 USC §4) addressed to the following parties: Brett F. King, 610 West Broadway #201, P.O. Box 40, Jackson, WY 83001. I am a Citizen of the United States, I am over 18 years of age, and I am not party to this action.

_____     _____
Date                                                          Signature

DEFENDANT'S AFFIDAVIT OF PREJUDICE
to recuse Judge Alan B. Johnson, other.     Page 4 of 4

Philip Andrew; Wolf
c/o P.O. Box 16804
Golden, CO 80402