FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 02 2009

Stephan Harris, Clerk
Cheyenne

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | No. 08-CV-00202J |
| ) | |
| ) | |
| PHILLIP A. WOLF, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON REPORT AND RECOMMENDATION FOR
IMPOSITION OF SANCTIONS (DOCKET ENTRY 46)
AND
ON MOTION TO STRIKE PRETRIAL MEMORANDUM
AND FRIVOLOUS PLEADINGS (DOCKET ENTRY 45)**

The September 25, 2009 "Report and Recommendation for Imposition of Sanctions" (Docket Entry 46), the plaintiff's "Motion to Strike Pretrial memorandum and Frivolous Pleadings (Docket Entry 45), and the "Defendant's pretrial memorandum and authorities" (Docket Entry 43), and the defendant's submissions filed October 8, 2009, including the "Defendant's 2nd Affidavit of Prejudice to recuse Judge A. Johnson, Beaman, for cause" (Docket Entry 47)

and his "Answer in Affidavit of specific Negative Averment, Opportunity to Cure, and Counterclaim" (Docket Entry 48) have all come before the Court for consideration. The Court, having considered the parties' submissions, the pleadings of record, the applicable law, and being fully advised in the premises, FINDS and ORDERS as follows:

## Background

The plaintiff has invoked jurisdiction in this court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. While this Court does not intend to provide a lecture outlining the contours of diversity jurisdiction to the defendant, in response to his allegations of criminal conduct on the part of this court, the Court is certain that defendant Wolf has a complete misunderstanding of the jurisdiction of federal courts. Federal courts are courts of limited jurisdiction. In a civil case, diversity jurisdiction is governed by 28 U.S.C. § 1332. Section 1332 provides, in its entirety, as follows:

> § 1332. Diversity of citizenship; amount in controversy; costs
>
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
>> (1) citizens of different States;

> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) For the purposes of this section and section 1441 of this title--

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and

> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.
>
> * * * *

28 U.S.C. § 1332.

The instant case is **not** a criminal proceeding. Criminal proceedings in the federal courts are commenced by complaint, pursuant to Rule 3 of the Federal Rules of Criminal Procedure, or indictment by a grand jury, as provided in Rule 6 of the Federal Rules of Criminal Procedure. Furthermore, this is **not** an admiralty proceeding, although the defendant continues to maintain that it is. The provisions and case law that have been cited by defendant Wolf simply have no application in this civil proceeding. His assertions of conspiratorial conduct by the judges in this Court are baseless and unfounded, and consistent with his misunderstandings of the pertinent law. The Court regards his claims regarding the performance of judicial functions by the judges in this district as bogus, without merit, and based on a fundamental lack of knowledge regarding civil litigation. He has elected to persist in this matter as a *pro se* litigant. His spurious and vexatious claims regarding the Court's role, and his injection of inappropriate causes of actions into this matter, have likely obscured his claims

regarding the contract at issue in this case. See e.g., Farha v. Federal Deposit Ins. Corp., 963 F.3d 283, 287 (10th Cir. 1992) (discussing common law actions for redress of wrongs and for the recovery of real and personal property). The Court persists in its prior holdings with respect to the defendant's efforts to recuse the undersigned judge, as well as Magistrate Judge Beaman, and incorporates by reference the July 23, 2009 Order Denying Defendant's Affidavit of Prejudice (Docket Entry 29) in its entirety.

The Court is aware that there is an obligation to liberally construe the pleadings of a *pro se* litigant. See e.g., Whitney v. State of New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1998). However, the Court does not need to supply additional factual allegations to round out claims nor it is required to construct a legal theory on Wolf's behalf. Id. at 1173-1174. Defendant Wolf is reminded by this Court that as a *pro se* litigant he has a continuing obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court in their entirety.

## Discussion

With this as background, the Court will turn to the two remaining pending issues in this case that require resolution. The first is the "Report and

Recommendation for Imposition of Sanctions" (Docket Entry 46); the second is the plaintiff's "Motion to Strike Pretrial Memorandum and Frivolous Pleadings" (Docket Entry 45). Each will be addressed separately.

1. **"Report and Recommendation for Imposition of Sanctions" (Docket Entry 46)**

The Magistrate Judge concluded that in light of the defendant's misconduct a default judgment, one of the most severe sanctions available in civil litigation, would be a just and appropriate sanction for the defendant's failure to comply and his continued misconduct. The Magistrate Judge's Report and Recommendation stated, in part:

> Finally, the Court considers the efficacy of lesser sanctions. The Court fully recognizes that rendering a default judgment is a severe sanction, but believes no other sanction will be effective. Based on defendant's behavioral pattern in this case, which includes repeated violations of Court rules and orders, the Court does not believe a lesser sanction than a default judgment would cure prejudice to plaintiff or deter future misconduct. This case does not involve an isolated incident or two, as defendant has left a trail of failures to cooperate with the plaintiff and/or the Court. Defendant's actions, and thereby inactions, rise to the level of egregious conduct.
>
> For the reasons stated about [sic], an entry of default judgment is a just and appropriate sanction for defendant, Phillip A. Wolf's, failure to comply.

NOW, THEREFORE, IT IS RESPECTFULLY RECOMMENDED that the District Court impose the most serious of sanctions by making a finding of default against defendant, Phillip A. Wolf, on all claims and an entry of judgement [sic] against defendant and in favor of plaintiff, Beaver Creek Land & Cattle, LLC, on all claims contained in the complaint.

Docket Entry 46 at 8.

Pursuant to 28 U.S.C. § 636(b)(1)(C):

. . . Within ten days after being served with a copy of the magistrate judge's proposed findings and recommendation, a party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

As of the date of this writing, no objection to the Magistrate Judge's Report and Recommendation has been filed by or on behalf of any party, including defendant Wolf. Defendant Wolf's submissions, filed October 5, 2009, are non-responsive to the issues raised in the Magistrate Judge's Report and recommendation and his nonsense submissions provide little to aid resolution of this matter. As with many of defendant Wolf's other submissions in this litigation, his claims are not meritorious and are spurious allegations,

7

apparently intended to delay, vex and harass the parties to this matter and prevent a prompt determination of all outstanding matters.

Upon review, the Court agrees with the Magistrate Judge that by the defendant's actions, he has violated the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Orders of this Court requiring him to fully cooperate in all aspects of discovery. It also agrees that the defendant's cavalier attitude, as made apparent by his repeated violations, is a willful failure to recognize the authority of this Court and that severe and substantial sanctions are warranted.

The Court agrees that entry of a default judgment may often be an appropriate sanction in this case. The currently applicable provisions of Rule 55 provide:

> Rule 55. Default; Default Judgment
>
> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> [Text of paragraph (b) effective until December 1, 2009, absent contrary Congressional action.]
>
> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a

sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

[Text of paragraph (b) effective December 1, 2009, absent contrary Congressional action.]

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the

plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals -- preserving any federal statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

(d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(Amended March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009, absent contrary Congressional action.)

Upon a careful review of the pleadings in this matter, because of the unusual nature of the underlying transaction alleged in the underlying complaint, the Court is not willing to enter Judgment in the amount sought in the plaintiff's complaint without further hearing to develop the underlying facts upon which plaintiff bases its claim.

To the extent that the Magistrate Judge's Report and Recommendation could be interpreted to recommend a finding of default and entry of judgment against the defendant and in favor of the plaintiff on all claims contained in the complaint without further hearing as to the underlying facts and the amount of damages that might be awarded plaintiff, the Report and Recommendation will **NOT** be adopted.

However, the Court agrees fully with the Magistrate Judge's determination that sanctions are warranted in this case. Defendant Wolf's failure to cooperate and participate cooperatively in this litigation has been vexatious and entirely improper. He has frustrated the ability to meaningfully dispose of the issues that have been brought to this Court for resolution in this civil case. The Magistrate Judge's Report and Recommendation will be **adopted** as to the recommendation that a sanction be imposed for defendant's continuing obstreperous and inappropriate conduct.

Defendant's nonsensical and unsupported pleadings will be stricken; he will not be permitted to file any other similar unsupported pleadings without leave of court, as described more fully in the following portions of this Order.

2.  **Plaintiff's Motion to Strike Pretrial Memorandum and Frivolous pleadings (Docket Entry 45)**

The Court will grant the motion seeking to strike the defendant's pretrial memorandum and all frivolous pleadings, including those entitled "Final notice of Default and Demand for Payment," "Notice of Final Determination and Judgment in Nihil Deceit," the defendant's untimely and nonresponsive pretrial memorandum, and the "Defendant's 2d Affidavit of Prejudice to recuse Judge A. Johnson, Beaman, for cause[,]" and his "Answer in Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim."

However, upon review of all the pleadings and submissions that have been filed in this case, it is clear that this case has an unusual genesis and that the nature of the transaction between the parties is likewise unusual. As the Court perceives the gist of defendant's submissions, when distilled to their most essential contentions, he is urging the Court to find that no contractual agreement was ever finalized and entered into by and between the parties. To the contrary, the plaintiff asserts the parties had a complete agreement and

that the terms of that agreement were breached by the defendant. Because of the unusual nature of the transaction, the Court does not believe it would be either appropriate or fair to the parties to enter a judgment in favor of plaintiff on such an opaque set of facts. Rule 55 permits the Court to conduct hearings to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter. The circumstances of this case are such that the Court believes further hearings would be most appropriate to facilitate resolution of the ultimate amount of damages to which plaintiff may entitled to recover.

Defendant will not be permitted to submit any more frivolous or vexatious pleadings; he will be permitted to appear and participate in the hearing to be set in the future with respect to the amount of damages plaintiff may permitted to recover in this case. However, to do so, defendant Wolf must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court in all respects. The defendant is put on notice that failure to do so may result in a contempt citation, imposition of other sanctions, including but not limited to, entry of judgment and an award of costs and expenses of litigation.

This matter shall proceed to a non-jury trial, as presently scheduled, on November 16, 2009 at 9:30 a.m. in Cheyenne, Wyoming as to the underlying

facts supporting plaintiff's claim and with respect to the amount of damages plaintiff may be entitled to recover.

All frivolous, vexatious pleadings which do not comply with the provisions of Rule 11 of the Federal Rules of Civil Procedure shall be stricken, including the defendant's September 16, 2009 "Pretrial memorandum and authorities" (Docket Entry 43), his "2nd Affidavit of Prejudice to recuse Judge A. Johnson, Beaman, for cause" and his "Answer in Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" shall be stricken. Defendant Wolf will not be permitted to file or serve any additional pleadings in this matter without first obtaining written consent of the Court. Should he attempt to submit pleadings for filing without leave of court, the Clerk of Court is instructed to deliver his proposed submissions to the Court for consideration and approval prior to filing. Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation for Imposition of Sanctions shall be, and is, **ADOPTED IN PART. It is further**

**ORDERED** that the plaintiff's "Motion to Strike Pretrial Memorandum and Frivolous Pleadings" shall be, and is, **GRANTED. It is further**

**ORDERED** that "Defendant's pretrial memorandum and authorities," the "Defendant's 2nd Affidavit of Prejudice to recuse Judge A. Johnson, Beaman,

for cause," and the "Answer in Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim" shall be, and are, **STRICKEN. It is further**

**ORDERED** that defendant shall not be permitted to file any further written pleadings or submissions without first obtaining leave of Court to do so, as set forth in the foregoing portions of this Order. **It is further**

**ORDERED** this matter shall proceed to a non-jury trial, as presently scheduled, on November 16, 2009 at 9:30 a.m. in Cheyenne, Wyoming as to the underlying facts supporting plaintiff's claim and with respect to the amount of damages plaintiff may be entitled to recover.

Dated this 2d day of November 2009.

*Alan B. Johnson*
UNITED STATES DISTRICT JUDGE

15