FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 30 2010

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-CV-00202J |
| ) | |
| PHILLIP A. WOLF, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION IN LIMINE TO PROHIBIT DEFENDANT FROM OFFERING ANY TESTIMONY OF EVIDENCE

Plaintiff'S "Motion in Limine to prohibit Defendant From offering Any Testimony or Evidence" (Docket Entry 50) has come before the Court for consideration. No response was received from the defendant with respect to this specific motion.

The court has reviewed the pleadings, the applicable law, and is familiar with the entire record of the court of the proceedings. The defendant has failed to cooperate in discovery and has engaged in litigation tactics that are based upon fundamental misunderstandings of the law and assertion of claims that are not meritorious and appear to be designed to harass, cause unnecessary delay and needless increase the cost of this litigation. These actions are also

1

contrary to Rule 11 of the Federal Rules of Civil Procedure.

Rule 37 of the Federal Rules of Civil Procedure addresses failures to make disclosures or to cooperate in discovery. Rule 37(b) provides:

> (b) Failure to Comply with a Court Order.
>
> (1) Sanctions in the District Where the Deposition Is Taken. If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.
>
> (2) Sanctions in the District Where the Action Is Pending.
>
> > (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> >
> > > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> > >
> > > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> > >
> > > (iii) striking pleadings in whole or in part;
> > >
> > > (iv) staying further proceedings until the

> order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> (B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37.

In this case, the defendant's conduct has been particularly egregious. He has failed to cooperate in meaningful discovery; he has failed to produce requested documents; he has failed to participate in his deposition. He has filed numerous pleadings that are not meritorious and are simply nonsensical.

3

The defendant's conduct in this case is unacceptable and strongly deserving of appropriate sanctions. The Court is strongly inclined to grant a default judgment. However, as the Court indicated in previous orders, the facts of this case remain unclear to the Court and a hearing on the merits is appropriate.

In this case, the Court believes that an appropriate sanction is an order prohibiting defendant Phillip A. Wolf from supporting or opposing designated claims or defenses or from introducing designated matters in evidence. He may cross examine witnesses, but will not be permitted to call any witness or present evidence that has not been thoroughly disclosed and vetted during the discovery process in compliance with the Federal Rules of Civil Procedure.

The defendant is further admonished that any further failure to comply with the Orders of this Court, the Federal Rules of Civil Procedure, the Local Rules of this Court, and to cooperate in these proceedings shall subject him to further sanctions, including entry of a default judgment in favor of plaintiff.

Accordingly, the Court finds that the plaintiff's "Motion *in Limine* to Prohibit Defendant From Offering Any Testimony or Evidence" should be granted. It is therefore

**ORDERED** that the plaintiff's "Motion *in Limine* to Prohibit Defendant From offering Any Testimony or Evidence" shall be, and hereby is, **GRANTED.**

**It is further**

**ORDERED** that defendant Phillip A. Wolf is prohibited from supporting or opposing designated claims or defenses or from introducing designated matters in evidence during the trial of this matter. He may cross examine witnesses called by plaintiff, but will not be permitted to call any witness or present evidence that has not been thoroughly disclosed and vetted during the discovery process.

Dated this 30th day of April 2010.

UNITED STATES DISTRICT JUDGE