*08C V-202-J*

FILED
IN THE OFFICE OF THE CLERK U.S. DISTRICT COURT DISTRICT OF WYOMING
U.S. DISTRICT COURT
DISTRICT OF WYOMING

VERIFIED BONDED DURABLE NOTICE OF INTEREST

MAY 25 2010  H³⁵ʳ

A U.S. FIRST AMENDMENT AFFIDAVIT PETITION FOR REDRESS OF GRIEVANCES

Stephan Harris, Clerk
Cheyenne

IN THE COMMERCIAL MATTER OF:                A SECURITY (15 USC)

                                            THIS IS A U.S. S.E.C TRACER FLAG
                                            AND NOT A POINT OF LAW

Phillip Andrew Wolf and below-cited
Distress Demandants/Plaintiffs

        vs.                                 **DISTRESS ON JUDICIAL AND**
                                            **OFFICIAL BONDS**

Alan B.Johnson,
Brett King et all,                          AFFIDAVIT OF OBLIGATION  and
below-cited                                 OF SPECIFIC PERFORMANCE
Distress Defendants

**COMMERCIAL WARRANT TO SEIZE, ARREST, AND IMPOUND A BOND OR BAR ACCOUNT.**

NOTICE IS HEREBY GIVEN TO AND DEMAND IS HEREBY MADE UPON ALL BONDING
COMPANIES AND UNDERWRITING INSURANCE COMPANIES, THE U.S. COURT
ADMINISTRATOR, THE U.S. MARSHALS, THE STATE AND COUNTY DEPARTMENTS OF
RISK MANAGEMENT, AND THE COUNTY SHERIFF TO ARREST, SEIZE, AND IMPOUND
(SUSPEND THE USE OF) THE BOND OR BAR ACCOUNT OF THE CITED DISTRESS
DEFENDANTS. THIS DISTRESS IS RUNNING CONCURRENTLY WITH AND BONDED BY THE
CRIMINAL COMPLAINT ATTACHED.

### AFFIDAVIT

I certify on my unlimited commercial liability that the following is, to the best of my knowledge,
true, correct, complete, and not misleading, the truth, the whole truth, and nothing but the truth.

### PLAIN STATEMENT OF FACT

1.   PARTIES:

     The Distress Demandants are the Complainants listed in attached FIRST
     AMENDMENT PETITION FOR REDRESS OF GRIEVANCES PURSUANT TO
     18 USC 4, UNITED STATES CONSTITUTIONAL CITATION CRIMINAL
     COMPLAINT AFFIDAVIT AND BRIEF OF INFORMATION FOR PUBLIC
     NOTICE FILING, hereinafter "Criminal Complaint", with addresses as provided on
     Criminal Complaint.

     The Distress Defendants are the Defendants listed in attached Criminal Complaint,
     with addresses as given on said attachment.

2.   ALLEGATIONS BY AFFIDAVIT:

     The attached Criminal Complaint, ledgered pursuant to 18 USC 4, 241, and 242
     values is the Affidavit in support of this Distress.

### SPECIFIC PERFORMANCE

3.   The Distress Defendants have violated the law by the following acts or commissions:

## DEFENDANTS DID UNLAWFULLY

4. Create a fraudulent civil complaint on or about September 15 2008 , No. 08-CV-202-J that in substance and elements is criminal but is filed as a civil case, with civil number, caption and heading, in order to avoid the requirement to disclose the ultimate nature and cause of the accusation and avoid the mandate to comply with all requirements for criminal process established by the Constitution in Article III, Section 2, Clause 3, and the Sixth Amendment requiring Defendants to:

a.   Disclose the nature and cause of the accusation prove the creditor;

b.   Provide a trial by impartial jury;

c.   Afford the opportunity for the Accused to face their actual flesh-and-blood accusers in the matter;

Allow the defense to defend as due process of law;

d.   File Private Counter Claim

e.   Deny Remedy and Liens

Defendants commit fraud under 18 USC 1001 and 1018 by creating and filing civil complaint and acting on the basis of color of law to:

f.   Unjustly enrich Defendants at the expense of causing loss of rights, property and quality of life to Distress Demandants;

g.   Avoid bringing Charging Affidavits certified and sworn on the accusing affiant's commercial liability true, correct, complete, not misleading, the truth, the whole truth, and nothing but the truth;

h.   Selectively act in accordance with those aspects of civil and criminal process that suit Defendants best at whatever time they choose. Defendants evidence express intent to fraudulently and deceitfully attempt to benefit from the "best of both worlds" by failing to comply with the law that applies to either civil or criminal.

## COMMITTED AS FOLLOWS:

3.   See the Criminal Complaint incorporated herein in its entirety by reference.

4.   LEDGER:

See attached Criminal Complaint for explicit point-for-point ledgering, pursuant to 18 USC 241 and 242 values.

## DISTRESS VS. CRIME AND AGGRAVATION OF CRIME

5.   This Distress is applied for termination of criminal behavior of the cited Distress Defendants and Accessory Accomplices in this case, because they continue to act with unchecked rapacity on said fraudulent Complaint to commit criminal aggression under color of office and law to cause extensive damage to and violate the rights of Distress Demandants and unlawfully confiscate property in which Distress Demandants hold a commercial, financial and fiduciary interest by private contract, with respect to which Defendants are uninvolved third parties. This Distress is

2

applied to prevent imposition of a violation of the peace and dignity of the state upon the distress Defendants and other Americans. (42 USC 1986 – the Good Samaritan Statute)

## CLEAN HANDS/GOOD FAITH DISTRESS

6.    This Distress is not applied for light or transient reasons, nor engaged in for purposes of harassment, nor impeding nor slowing the court process.

By the foregoing acts and omissions Distress Defendants have violated the law, breached their contracts of employment as public servants, and acted outside the scope, provisions, terms, and limits of the insurance policy and bond that creates, defines and establishes the limits of liability of Distress Defendants' office and the rights and duties thereof. With authority comes responsibility. Distress Defendants must correct their unlawful acts and omissions by dismissing the case numbered 08 CV-202-J and all matters pertaining to it.

7.    SURETY PROPERTY:

The surety property of this Distress is any and all property that may be distressed, arrested, impounded, and suspended of use in third party custody to guarantee specific performance, that is, the arrest of criminal behavior on the part of Distress Defendants and the performance of their duties according to their oaths of office and the terms of their bonds. This Distress is effective immediately and includes all real and moveable property except wedding rings, keepsakes, and livestock.

8.    DEMAND:

This Bonded Distress immediately impounds the Distress Defendants' Official Malpractice Bonds and Commercial Malpractice Bonds, said Bonds to be impounded by being held in third party custody, the impoundment to be guaranteed by the Bonding Companies, the Underwriting Insurance Companies, the State and County Departments of Risk Management, the County Court Administrator, the County Sheriff, the U.S. District Court Administrator, and the U.S. Marshals.

9.    BONDING:

A Distress to limit criminal behavior, especially in hot pursuit, does not have to be cash bonded. A Criminal Complaint is a lawful bond for the bonding of a Distress on an Official Malpractice Bond or a Distress on a Commercial Malpractice Bond. This Distress is both criminally and commercially bonded by the attached Criminal Complaint and Consensual Commercial Liens filed as a result of claim filed 19th of July 2009 in the amount of $1,000,000,00 in excess for each of Defendants, multiplied by terms of contract Complainants Demandants, per each three day cycle (the Jewish arraignment period) of unlawful imprisonment arising from case number 08-CV-202-J.

10.   AFFIDAVIT:

The attached Criminal Complaint is the Affidavit in support of this Distress. Violation of this process constitutes accessory to a crime. Trespass, Rescue and Pound-breach are felonies. Any attempt to abridge, defeat, or impair this process and release Distress of said Official Malpractice Bonds or Commercial Malpractice Bonds

3

will constitute a felony known as Pound-breach or Rescue. If custodians of said Bonds violate their obligation of contract and do not take action or take improper action, said custodians and their personnel individually assume both criminal and commercial liability for all resultant damages that could have been prevented by reasonable diligence and lawful behavior pursuant to 42 USC 1986 and 18 USC 4, 241, and 242.

11.   CONDITIONS FOR RELEASING DISTRESS:

When Distress Defendants comply with the conditions outlined in section nine (9) above, this Distress will be released by the issue of a Distress Release Order signed by Distress Demandants.

12.   EXHIBITS, MEMORANDA OF LAW:

Attached are the Criminal Complaint, Memorandum of Law and Glossary, letter to Congress and statements written by Investors (Distress Demandants).

13.   CRIMINAL CERTIFICATION:

I, the Affiant, certify and affirm that I have grounds to, and do believe, that the above accused Distress Defendants committed the above offenses contrary to law.

14.   GENERAL CERTIFICATION AND VERIFICATION:

I, Affiant, certify and affirm on my own unlimited commercial liability that the foregoing is, to the best of my knowledge and belief, true, correct, complete and not misleading, the truth, the whole truth and nothing but the truth.

_____          5/25/10
Signature of Affiant/Proxy Distress Claimant          Date
Witness: Subscribed and sworn to before me on this  25ᵗʰ  day of May 2010.

_____          1-2-2011
Notary Public          My commission expires

My Commission Expires 01/02/2011

STANDARD CERTIFICATE OF LIVE BIRTH

**006776**

STATE OF OREGON — BIRTH NO. **136** -52- **019387**
BOARD OF HEALTH — PORTLAND
FEDERAL SECURITY AGENCY—U.S. PUBLIC HEALTH SERVICE

LOCAL REGISTRAR'S NUMBER **505**

DATE RECEIVED **JUL 28 1952**

1. CHILD'S NAME (TYPE OR PRINT)
   a. (First) **Phillip**    b. (Middle) **Andrew**    c. (Last) **Wolf**

2. PLACE OF BIRTH
   a. COUNTY **Douglas**
   b. CITY (If outside corporate limits, write RURAL) OR TOWN **Roseburg**
   c. FULL NAME OF HOSPITAL OR INSTITUTION (If not in hospital or institution, give street address or location) **Douglas Community Hospital**

3. USUAL RESIDENCE OF MOTHER (Where does mother live?)
   A. STATE **Oregon**    B. COUNTY **Douglas**
   C. CITY (If outside corporate limits, write RURAL) OR TOWN **Roseburg**
   D. STREET (If rural, give location) ADDRESS **2132 Hollis**

4. SEX **Male**    4A. THIS BIRTH: SINGLE **✗**  TWIN ☐  TRIPLET ☐
   4B. IF TWIN OR TRIPLET (This child born) 1ST ☐  2ND ☐  3RD ☐
   6. DATE OF BIRTH (Month) (Day) (Year) **July 11, 1952**

**FATHER OF CHILD**

7. FULL NAME
   a. (First) **Calvin**    b. (Middle) **Walter**    c. (Last) **Wolf**
8. COLOR OR RACE **White**

9. AGE (At time of this birth) **32** YEARS
10. BIRTHPLACE (State or foreign country) **Montana**
11A. USUAL OCCUPATION **Upholsterer**
11B. KIND OF BUSINESS OR INDUSTRY **Furniture**

**MOTHER OF CHILD**

12. FULL MAIDEN NAME
   a. (First) **Marjorie**    b. (Middle) **Lydia**    c. (Last) **Wieland**
13. COLOR OR RACE **White**

14. AGE (At time of this birth) **31** YEARS
15. BIRTHPLACE (State or foreign country) **Todd County, Minnesota**
16. I, AS **mother** (Relationship to child) CERTIFY THAT THE INFORMATION ON THIS CERTIFICATE IS ENTIRELY CORRECT.
   *Marjorie Lydia Wolf* (Signature of informant)

17A. ATTENDANT AT BIRTH (Signature) *J E Campbell*
   ADDRESS *Roseburg Oregon*

I hereby certify that this child was born alive on the date stated above, at the hour of **6:28a** M.

B.
M.D. **✗**   D.O. ☐   OTHER (SPECIFY) ☐
D. DATE SIGNED **7-15-52**

18. DATE REC'D BY LOCAL REG. **7-17-52**
19. REGISTRAR'S SIGNATURE *Ensel Cummens*
20. DATE ON WHICH GIVEN NAME ADDED BY (Registrar)

RESERVE THIS SPACE FOR REGISTRAR'S USE

| ITEM | DESCRIPTION | EVIDENCE | DATE | SIGNATURE |
|------|-------------|----------|------|-----------|
|      |             |          |      |           |
|      |             |          |      |           |

I CERTIFY THAT THIS IS A TRUE, FULL AND CORRECT COPY OF THE ORIGINAL CERTIFICATE ON FILE OR THE VITAL RECORD FACTS ON FILE IN THE VITAL RECORDS UNIT OF THE OREGON CENTER FOR HEALTH STATISTICS.

DATE ISSUED: **DEC 0 3 2009**

JENNIFER A. WOODWARD, Ph.D.
STATE REGISTRAR

THIS COPY IS NOT VALID WITHOUT INTAGLIO STATE SEAL AND BORDER.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



STATE OF OREGON 1859

## GRAND JURY OF THE UNITED STATES

U.S. Dept. of Justice
1225 Seventeenth Street, Suite 700
Seventeenth Street Plaza
Denver, CO 80202

| | |
|---|---|
| Philip Andrew; Wolf, | ) No. ___ 08CV 2025 ___ |
|     Complainant, | ) |
| | ) VERIFIED CRIMINAL COMPLAINT |
|     v. | ) of violations of 18 USC §§ 241,242, 872, |
| | ) 1341, 1621, 2384. |
| BRETT F. KING, ANTHON STOUFER, | ) |
| ALAN B. JOHNSON,  and | ) Complaint under 18 USC §§ 4, 3332. |
| JOSH ROMNEY, | ) |
|     Defendants, | ) |

## I. INTRODUCTION.

1.1   COMES  NOW,  Philip  Andrew;  Wolf  (hereinafter  "Complainant"),
complaining as required by 18 USC § 4 with knowledge of felony violations of federal
statutes. This Complaint is intended for a Grand Jury's consideration, supplied as such
to the U.S. Dept. of Justice pursuant to 28 USC § 3332(a). All exhibits attached hereto
are  incorporated  by  this  reference  as  if  fully  restated  herein. ***Any and emphasis***
employed herein may be construed to have been added. Complainant files this
complaint in good faith and intends hereby to cause the arrest, indictment, prosecution
and imprisonment of the parties defendant hereto, for the conduct complained of herein,
and for any other conduct or crimes the United States sees as just.

A. Falsehoods are upheld without evidence in an attempt to swindle the Complainant out of $12 million (U.S.).

B. Inapplicable statutes are used to extort money from the Complainant through the use of the U.S. Postal Service.

C. The Complainant has been barred from participating in his case in U.S. Dist. Court where Defendants hereto are fabricating contract terms and operating an extortion scheme against him.

1.2 For the purposes of this complaint the Complainant can be reached by mail at

P.O. Box 16804, Golden, CO 80402. Persons acting to victimize the Complainant in

violation of federal law are as follows:

Defendants ANTHON STOUFFER and JOSH ROMNEY (hereinafter "BEAVER CREEK") are principals or representatives of Beaver Creek Land & Cattle, LLC, which is a plaintiff in the civil action in this Court. (See U.S. Dist. Court, Cheyenne, WY #08-CV-202-J).

Defendant BRET F. KING (hereinafter "KING") is counsel in the subject civil action brought without cause, having as his address P.O. Box 40, Jackson, WY 83001.

Defendant U.S. Dist. judge ALAN B. JOHNSON, have as their business address U.S. Dist. Court, 2120 Capital Ave. Rm. 2141, Cheyenne, Wyoming 82001.

**Exhibits**:

1.3 The attached **Exhibits A through J**, are incorporated by this reference as if fully restated herein, and if not included with any copy of this Counterclaim such copy should be deemed void. Exhibits hereto are as follows:

**Exhibit A**: Philip Andrew; Wolf's Colorado State Apostille #182417, dated April 23, 2009.

**Exhibit B**: Contract between Complainant and BEAVER CREEK which makes no reference to a "simultaneous closing."

**Exhibit C**: Complainant's motion to dismiss w/exhibits, citing contractual language in his favor.

**Exhibit D**: Defendant BEAVER CREEK's opposition claiming that a "simultaneous closing" was a contractual obligation of the Complainant, ailing to point to any contractual language providing for such.

**Exhibit E**: Complainant's reply to **Ex.D** exposing the weakness of BEAVER CREEK's case and the false nature of its claims.

**Exhibit F**: Ruling of Defendant JOHNSON denying Complainant's motion to dismiss stating that Complainant was bound to a "simultaneous closing" under the subject Contract at **Ex.B**.

**Exhibit G**: Defendant BEAVER CREEK's motion for release of liens and for sanctions against Complainant under 28 USC § 1927 which only applies to persons "admitted to conduct cases" in U.S. Dist. Court.

**Exhibit H**: Complainant's opposition to motion at **Ex.G** which includes decisions about the void for vagueness doctrine.

**Exhibit I**: Ruling of judge JOHNSON imposing $3000.00 (U.S.) stating outright that 28 USC § 1927 applies to pro se litigants, every resident of America, which would require that such litigants be "admitted to conduct cases in any court of the United States.Not allowing remedy to a agreed upon Averment contract by invalidating liens."

**Exhibit J**: Affidavit of prejudice against JOHNSON and Complainant's criminal complaint against BEAVER CREEK and other defendants filed July 15, 2009 in U.S. Dist. Court, in JOHNSON's court.

**Overt acts and relevant facts**:

1.4 **Please observe** the exchange of arguments in the exhibits listed above, for these frame precisely how the subject contract between the Complainant and Defendants hereto does and does not reflect what the Defendants are attempting. All acts alleged against Defendant BEAVER CREEK shall include Defendant KING where he has acted as counsel in connection with such acts. **Exhibit B** is the subject Contract, **Exhibit C** is the Complainant's motion to dismiss based on the contract, **Exhibit D** is Defendant BEAVER CREEK's opposition, and **Exhibit E** is Complainant's rebuttal,

and **Exhibit F** is Defendant JOHNSON's ruling which affirms without evidence BEAVER CREEK's claim that a "simultaneous closing" was agreed to. That term is not in, or relevant to, the subject Contract at **Ex.B**. which was written by Defendant BEAVER CREEK.

1.5 This exchange reveals that the Complainant tried but failed to obtain funding by a certain date as agreed, and for that he forfeited his exclusive right to participate in the subject land deal as agreed. However, BEAVER CREEK has sued claiming that the Complainant agreed to pay its *speculatively perceived* future profit from the development and subsequent sale of the subject land ($12 million), but can point to no provision in the Contract which provides for that remedy. Complainant charges that such a liability and contractual obligation is of far to great a magnitude to be overlooked in the drafting and signing of a contract such as this one. Complainant agreed to forfeit earnest money by contract which BEAVER CREEK wrote, but was never led to believe that he must pay for BEAVER CREEK's future enterprise(s) in the event he could not obtain funding.

1.6 FURTHER, in another exchange BEAVER CREEK asked JOHNSON to penalize the Complainant, who is *pro se*, under 28 USC § 1927 which applies only to persons "admitted to conduct cases" in courts of the United States. **Exhibit G** is BEAVER CREEK's motion for sanctions alleging that Complainant multiplied "the proceedings" by filing liens relevant to a contract in maritime (an "averment") which has nothing to do with "the proceedings," BEAVER CREEK alleging that its default to that Contract was "in this action" which it was not. **Exhibit H** is Complainant's opposition to the motion. **Exhibit I** is JOHNSON's order imposing 28 USC § 1927 sanctions and releasing liens for being "false" without one reference to anything about them that is indeed "false."

> 28 USC § 1927. Counsel's liability for excessive costs.- *Any attorney or other person admitted to conduct cases in any court of the United States* or any Territory thereof who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

1.7 In the exchange Complainant's liens were baldly painted as "false" but were never proven to be so, and the method of their filing with federal authorities was never questioned. Said liens secure contractual obligations owed the Complainant valued in excess of $1,000,000.00 (U.S.). Defendant JOHNSON knows all of this to be true but chooses to participate in BEAVER CREEK's and KING's scheme, and they all feel free to use the U.S. Postal Service to accomplish it.

## II. Criminal violations of federal criminal statutes.

2.1 All facts and statements above are incorporated by this reference as if fully restated. Defendants acting as BEAVER CREEK conspired to breach their Contract with Complainant by suing in federal court instead of Wyoming state court, and to sue for speculative damages for which the neither Complainant or other rational person would ever agree to pay, such as future profits based solely upon a presumption that said Defendants could accomplish its ultimate goal in developing and/or reselling the subject property. Complainant is a party defendant to a false prosecution on the part of BEAVER CREEK wherein he stands to lose $12 million when nobody can point to any contractual language providing for anything of which he hereby complains.

2.2 Once made aware of all of this, Defendant JOHNSON made a conscious decision to join in BEAVER CREEK's conspiracy against Complainant's property by conjuring up a "simultaneous closing" allegation against the Complainant when nothing in the record alludes to any such thing, whatever that is.

### COUNT I and II: Conspiracy against rights, Fraud and swindles.

18 U.S.C. § 241 Conspiracy against rights. *If two or more persons conspire to injure, oppress, threaten, or intimidate* any person in any State, Territory, Commonwealth, Possession, or District *in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States*, or because of his having so exercised the same; or

*If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured -*

*They shall be fined under this title or imprisoned not more than ten years, or both*; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 1341 Frauds and swindles. *Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises*, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, *places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service*, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or *knowingly causes to be delivered by mail or such carrier according to the direction thereon*, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, *shall be fined under this title or imprisoned not more than 20 years, or both*. If the violation *affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both*.

2.3 By devising, commencing, and acting to perpetuate, the false prosecution of the Complainant in BEAVER CREEK's lawsuit, Defendants hereto have conspired together to injure Complainant in his enjoyment of property and rights to due process, in violation of 18 USC § 241 Conspiracy against rights, and 18 USC § 1341 Frauds and swindles.

### COUNT III and IV: Conspiracy against rights, Extortion by officers or employees of the United States.

18 U.S.C. § 872 Extortion by officers or employees of the United States. *Whoever, being an officer, or employee of the United States or any department*

*or agency thereof*, or representing himself to be or assuming to act as such, *under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not more than three years*, or both; but if the amount so extorted or demanded does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

2.4 With a full understanding that 28 USC § 1927 does not apply to *pro se* litigants, Defendants acted together to request, debate in favor of, and impose, sanctions against Complainant who is *pro se*, in violation of 18 USC § 241 Conspiracy against rights, and § 872 Extortion by officers or employees of the United States.

### COUNT V: Seditious conspiracy.

18 U.S.C. § 2384 Seditious conspiracy.- *If two or more persons in any State or Territory*, or in any place subject to the jurisdiction of the United States, *conspire to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them*, or to *oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States*, or by force to seize, take, or *possess any property of the United States contrary to the authority thereof*, they *shall each be fined under this title or imprisoned not more than twenty years*, or both.

2.5 The Complainant duly filed the subject liens under 46 USC § 31321 so as to secure Defendant KING's and Defendant BEAVER CREEK's obligations under their common Averment contract, but now cannot access said statutory remedy without risking contempt sanctions or inapplicable penalties. These Defendants have conspired to set aside Complainant's statutory remedies under 46 USC, threatening rights to property and to liberty to succeed in doing to, in violation of 18 USC § 2384 Seditious conspiracy.

### COUNT VI and VII: Perjury, Seditious conspiracy.

18 U.S.C. § 1621. Perjury generally. *Whoever*.-
(1) *having taken an oath* before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, *that he will testify, declare, depose, or certify truly, or that any*

*written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states* or subscribes any *material matter which he does not believe to be true*; or

(2) *in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746* of title 28, United States Code, *willfully subscribes as true any material matter which he does not believe to be true*;

*Is guilty of perjury* and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

2.6 Defendant JOHNSON is sworn to uphold the constitution and the laws of the United States but has made a conscious decision to offend said constitution and said laws as detailed herein. Defendant JOHNSON's willful violations of federal criminal statutes and constitutional transgressions constitute plain violations of 18 USC § 1621 Perjury.

2.7 Complainant's liens were filed pursuant to 46 USC § 31321 to secure debts represented by his Averment agreement with BEAVER CREEK and BRETT KING. The exchange of motions about this attempt (**Ex.G**, **Ex.H**, and **Ex.I**) and the resulting order show that Complainant's Averment agreement was not challenged, but remedy (liens) to secure debts thereunder were set aside and Complainant was barred under threat of arrest and confinement (contempt of court) if he again sought what 46 USC § 31321 clearly allows, costing the Complainant the value of the Averment agreement for now he cannot pursue payment thereunder.

2.8 These acts on the part of these Defendants and Defendant JOHNSON have served the purpose intended by the Defendants, to prevent 46 USC § 31321 from operating to benefit the Complainant. By acting this way intending to delay, hinder or prevent the execution of laws of the United States constitutes a plain violation of 18 USC § 2384 Seditious conspiracy.

### III. CONCLUSION & VERIFICATION.

3.1 When all essential elements are met, guilt is established. (See *Sullivan v. Louisiana*, 508 U.S. 275 (1993)). I, Philip Andrew; Wolf, do hereby declare under penalties of perjury (28 USC § 1746) that the forgoing statements are true and correct to the very best of my knowledge and belief, and that I can supply all necessary documentation to support my allegations of criminal misconduct made herein, upon the Grand Jury's request. Executed this 25th day of May, 2010.

Signed: _____

Philip Andrew; Wolf, Affiant/Plaintiff

3.2 The above affirmation was SUBSCRIBED and duly SWORN to before me this _____ day of May, 2010, by Philip Andrew; Wolf.

3.3 I, _____ am a Notary under license from the State of Colorado whose Commission expires _____ and be it known by my hand and my Seal as follows: .

_____

Notary signature

NOTARY
PUBLIC
STATE OF COLORADO

My Commission Expires 01/02/2011

Dated: 5/25/10

Presented by: _____

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

/ / /

/ / /

/ / /

/ / /

/ / /

**CERTIFICATE OF SERVICE**: I, _____, do hereby certify that I did deposit in U.S. Post First Class and in adequate packaging two copies of the attached documents (Philip Andrew; Wolf's criminal complaint under 18 USC § 4) addressed to the following parties: U.S. Dept. of Justice, 1225 17th Street #700, 17th Street Plaza, Denver,

CRIMINAL COMPLAINT to Grand
Jury under 18 USC §§ 4 and 3332.          Page 9 of 9

CO 80202. I am a Citizen of the United States, I am over 18 years of age, and I am not party to this action

5 25 10

Date

Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| BEAVER CREEK LAND & | ) No. **#08-CV-202-J** |
|---|---|
| CATTLE, LLC, | ) |
| PLAINTIFF, | ) DEFENDANT's AFFIDAVIT OF PREJUDICE |
| | ) to recuse Judge A. Johnson for cause. |
| | ) |
| vs. | ) |
| | ) |
| | ) *Mayberry v. Pennsylvania*, 400 US 455 (1970). |
| Philip Andrew; Wolf, | ) |
| Defendant. | ) |

| Colorado state | ) |
|---|---|
| | ) **ss.** |
| County of Jefferson | ) |

COMES NOW, Philip Andrew; Wolf (hereinafter "Defendant" all rights reserved), seeking specific relief in the form of recusal of judge ALAN B. JOHNSON for cause. The conduct of judge JOHNSON has served to aid in the felonious victimization of the Defendant. The Defendant views JOHNSON's conduct as intentional and done with full knowledge that the law provides otherwise. This is a sworn statement.

The Defendant has complained to have judge JOHNSON prosecuted and imprisoned for the aid lent to the Plaintiff in this case. (See **Ex.1** hereto, attached criminal complaint, incorporated by this reference as if fully restated herein).

DEFENDANT'S AFFIDAVIT
OF PREJUDICE.                    Page 1 of 4

A party claiming an appearance of fairness doctrine violation has the burden of showing it. *Lake Forest Part v. Hearing Board*, 76 Wn.App. 212, 217 (1994). This state's appearance of fairness doctrine is similar to the constitutional requirement of an unbiased tribunal mentioned above. But it goes farther than the impartiality requirement in that it not only requires an impartial decision maker to be fair, but requires the decision maker to also *appear* to be fair. See *Offutt v. US*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice"); *Medina v. California*, 505 US 437, 464 (1992) (Blackmun, dissent)("In matters of ethics, appearance and reality often converge as one.). [1]

Appearances of bias are damaging to the public's confidence in our legal system. *State v. Madry*, 8 Wn.App. 61, 70 (1972). The key question is how the proceeding appears to a reasonably prudent and disinterested person. *Brister v. Tacoma City Council*, 27 Wn. App. 474, 487, (1980); *Chicago, Minn., St. Paul & Pacific RR v. State Human Rights Comm'n*, 87 Wn.2d 802, 810 (1976); *Swift v. Island County*, 87 Wn.2d 348, 361 (1976).

Even when a possible conflict of interest or bias doesn't actually occur, but **appears** to occur, it is enough to trigger this doctrine. *Narrowsview-Preservation Ass'n v. Tacoma*, 84 Wn.2d 416, 420 (1974); *Buell v. Bremerton*, 80 Wn.2d 518, 523 (1972). Adjudicators must be "free of entangling influences." *Buell* at 523. And again, the mere possibility, rather than actuality, of a conflict of interest or bias is enough show a violation. *Id.* at 524.

---

[1] See also *Ex parte McCarthy*, [1924] 1 K.B. 256, 259 (1923) ("[J]ustice should not only be done, but should manifestly and undoubtedly be seen to be done"). I do not see how the appearance of fairness and neutrality can obtain if the bare possibility of a fair hearing is all that the law requires. Cf. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)(noting the importance of "preserv[ing] both the appearance and reality of fairness," which "`generat[es] the feeling, so important to a popular government, that justice has been done'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring)). *Litkey v. US*, 510 US 540, 565 (1994))"; *Press-Enterprise Co. v. Superior Ct.*, 487 US 1, 9, 13 (1986); *Vasquez v. Hillery*, 474 US 254, 271 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 US 596, 606 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 US 555, 595 (1980); *Marshall v. Jerrico*, 446 US 238, 242 (1980); *Estes v. Texas*, 381 US 532, 543 (1965) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. . . . [T]o perform its high function in the best way, "justice must satisfy the appearance of justice." *Offutt v. US*, 348 U.S. 11, 14."); *Kentucky v. Stincer*, 482 US 730, 751 (1987) (dissent); *Greenholtz v. Inmates of Nebraska Penal Complex*, 442 US 1 (1979) (dissent).

Presiding officer's failure to recuse when obliged to do so violates cannons of judicial conduct. (See *In re Scott*, 52 Cal.3d 968 (1991), 277 Cal.Rptr. 201, 802 P.2d 985, 91 CDOS 450, 91 Daily Journal DAR 700). The criminal code applies to judges, too. [2]

Defendant has clearly identified and detailed extreme prejudice in the form of violations of Rule as well as statute, and has complained for JOHNSON's arrest, prosecution, and imprisonment, and this surely disposes of any such appearance. The deprivations visited upon the Defendant by judge JOHNSON are obvious, and Defendant to this civil action has addressed these to those able to sanction him for such. (See *Mayberry v. Pennsylvania*, 400 US 455 (1970), judge berated by defendant obliged to recuse).

**The appearance of fairness is lost**, as it relates to the involvement of JOHNSON in this case, and this assures Defendant that his due process rights are those to another judge in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] See *Slade v. United States*, 85 F.2d 786 (CA10 1936) (Judge bribed juror to acquit a defendant, judge convicted of bribery); *United States v. Manton*, 107 F.2d 834 (CA2 1939) (Court of Appeals judge involved in bribes to influence decisions); *United States v. Kahaner*, 317 F.2d 459 (CA2 1963) (State judge and former AUSAs, *McDonald v. Alabama*, 57 Ala. App. 529, 329 So.2d 583 (1975), sex for leniency); *United States v. Hastings*, 681 F.2d 706 (CA11 1982) (This was pre-trial appeal, and later Alcee won criminal case); *United States v. Campbell*, 684 F.2d 141 (D.C. Cir. 1982) (traffic tickets, judge and gratuity); *United States v. Claiborne*, 765 F.2d 784 (CA9 1985) (see Harry's vindication, *State Bar of Nevada v. Claiborne*, 756 P.2d 464 (Nev. 1988)); *United States v. Murphy*, 768 F.2d 1518 (7th Cir. 1985) (Greylord); *United States v. Conn*, 769 F.2d 420 (CA7 1985) (Greylord); *United States v. Hollaway*, 778 F.2d 653 (11th Cir. 1985) (Two Mobile state court judges); *United States v. Devine*, 787 F.2d 1086 (CA7 1986) (Greylord); *United States v. LeFevour*, 798 F.2d 977 (7th Cir. 1986) (Greylord); *United States v. Nixon*, 816 F.2d 1022 (CA5 1987) (habe at 881 F.2d 1305 (5th Cir. 1989) U.S. District Judge convicted of bribery); *United States v. Holzer*, 816 F.2d 304 (CA7 1987) (Greylord); *United States v. Reynolds*, 821 F.2d 427 (CA7 1987) (Greylord); *United States v. Glecier*, 923 F.2d 496 (CA7 1991) (Greylord); *U.S. v. Lanier*, 520 U.S. 259 (1997); *Archie, et al., v. Lanier*, No.94-5836 (CA6 1996) (constitutional rights are violated when state judge repeatedly rapes a number of women in chambers, 18 USC § 242 is not void for vagueness); *State of Oklahoma v. Thompson*, Creek County #CF-2005-016 (May, Aug., Sept. of 2003, three counts indecent exposure, judge Donald D. Thompson attached "a penis pump and operated the pump causing air pumping sounds" according to witness, Lisa Foster, court reporter).

## CONCLUSION & VERIFICATION.

I, Philip Andrew; Wolf, do hereby declare under penalties of perjury (28 USC 1746) that the foregoing statements are true and correct, and that all exhibits attached hereto are true and correct to the best of my knowledge and belief. Executed this _____ day of May, 2010.

_____

Philip Andrew; Wolf, Affiant

The above affirmation was subscribed and duly sworn to before me this _____ day of May, 2010, by Philip Andrew; Wolf.

I, _____, am a Notary under license from the State of Colorado whose Commission expires _1-2 20__ and be it known by my hand and my Seal as follows:

_____

Notary signature

My Commission Expires 01/02/2011

Dated: _____

Presented by:

_____

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

/ / /

/ / /

/ / /

/ / /

**CERTIFICATE OF SERVICE**: I, _____, do hereby certify that I did deposit in U.S. Post First Class and in adequate packaging two copies of the attached documents (Philip Andrew; Wolf's Affidavit of Prejudice w/felony complaint under 18 USC § 4) addressed to the following parties: Brett F. King, 610 West Broadway #201, P.O. Box 40, Jackson, WY 83001. I am a Citizen of the United States, I am over 18 years of age, and I am not party to this action.

_____     _____
Date                  Signature

DEFENDANT'S AFFIDAVIT
OF PREJUDICE.                Page 4 of 4

# Exhibit A:

**Exhibit A**: Philip Andrew; Wolf's Colorado State Apostille #182417, dated April 23, 2009.

Exhibit: _____



# APOSTILLE
### (Convention de La Haye du 5 Octobre 1961)

1.   Country: United States of America

    This public document

2.   has been signed by    TINA M WHITE

3.   acting in the capacity of    Notary Public, State of Colorado

4.   bears the seal/stamp of    TINA M WHITE, Notary Public, State of Colorado

                               **CERTIFIED**

5.   at Denver, Colorado          6.  this 23rd Day of April, 2009.

7.   By BERNIE BUESCHER, Secretary of State of the State of Colorado

8.   Certificate Number  182417      .

9.   (OFFICIAL SEAL)          10. Signature:

**Archetype**

*Form: publici sui juris / Affidavit*
*Session: one supreme Court*

### Act of State
### Reaffirmation of Character
### And Renunciation of Attempted Exoatriations

I, Phillip-Andrew: Wolf, by International Common Law Registration, being of the age of majority, complete in my faculties, a natural born Divine creation, and a Private, Sentient, Sovereign within the constitutional Public survey boundaries within Colorado, a Republic, of the constitutional Township, Golden , within the body of a constitutional county,Gilpin, the proper jurisdiction of a Common Law thereto, do solemnly make this Reaffirmation of Character, pursuant to my absolute freedom of religion, of an Ambassador and Subject-Citizen of the Kingdom of Heaven under its King, Jesus the Christ; and an American Sovereign Citizen-Principal in good standing and Behavior, Public Minister (Ambassador), and 'dominium" (absolute owner) inhabitant of the organic United States ("a more perfect union") under the Constitution for the united States of America (1791 to date) as ordained and established, with reservation of all Divinely created and inherent unalienable Rights/Privileges. It is, at the same time that I renounce and declare void, ab initio, any and all attempts (De Facto / Renegade / Corporate) by means of fictions or otherwise, of any changes in my lawful Citizenship Status to that of a Corporate Statutory / Military / Maritime / Admiralty / Fictitious "U.S. person", "consumer", "individual", "citizen", "citizen-subject", "plaintiff/defendant", "resident", "whoever", "taxpayer", "driver", "gun/firearm owner", "debtor", et al, subject to the seizure of Alien Properties by the hypothecated, Corporate/Legislative/Military/Admiralty/Fictitious Democracy UNITED STATES, et al. Such corporations, fraudulent and non-existent in the Law, include, but are not limited to, the **UNITED STATES**, U.S., STATE OF COLORADO, COUNTY OF GILPIN COUNTY, CITY GOLDEN,PHILLIP ANDREW WOLF,PHILLIP A WOLF,PHILLIP WOLF, or any variation thereof,S.S.#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, etc. This doctrine of "Piercing the Corporate Veil", with its "Instrumentality Rule:, will serve Notice, (judicial, presidential or otherwise), that all acting as Corporate officers, etc., whether by color of law or color of official right, are acting or have acted without the usual immunities afforded in lawful civil/judicial proceedings. For the peace of and safety of all Corporate officers, etc., as well as myself, I have identified all my guaranteed, absolute properties ("Life, Liberty, and the Pursuit of Happiness"), until such times as the present De Facto / Renegade / Corporate government can make the necessary changes to its structure to insure the same. These identifications will list the International Record (Seal) Number (Apostille Number), as has been recognized, received, recorded, and issued by the De Facto / Renegade / Corporate government. As this number is the International registration, National authentication, and State certification of a Public Document of the United States of America, my Nations, and my Citizenships, as well as identification of all guaranteed, properties, whether Public or Private, are and have been in Lawful possession of me. Any confiscation or seizure of any kind of any of the guaranteed, Private or Public properties by any of the De Facto/Corporate officers, etc. will result in damages of Ten Million Dollars of United States Treaty States, nation-state specie Money (United States Dollars silver) that being enumerated in Article 1, Section 10, Clause 1 as "gold and silver coin" in the Constitution for the united States of America (1791 to date) to be multiplied by not only the damaging party(ies), but all those in concert and cause of action. This Declaration is made absolute by the enclosed Apostille ),(State of Colorado) copy and pursuant to 15 Stat. Ch. 249 pg. 223 (1868), shall be made final, adopted, and accepted by the Doctrines of Estoppel (by acquiescence), Law of the Record, (Apostille), Moral Obligation (peremptory mandamus), and the Divine Law (180 U.S. 163: The Bible is law to be applied nationally); or upon the passing of a customary and reasonable time of ten (10) consecutive calendar days from receipt of the service guaranteed U.S. Mail (Certified) or otherwise. It will be the President's absolute ministerial duty to identify, restore, and correct any and all errors, injuries, wrongs, and damages at any time applied and/or attached to Me pursuant to Congressional demand within 15 Stat. Ch 249. Dates: spiritual "In the Beginning"; plus Six days: Announcement of Diplomatic Arrival:July 11th 1952

Me, American, Private, Christian, Sentient;
Sovereign; Divine Inhabitant within North America; within Colorado, a Republic;
"within" a constitutional county and a constitutional township republic.

... at the mouths of two, or at the mouths of three the matter is established."
Deuteronomy 19:15

X _____
Divine, Sentient, and Common Law Witness

X _____
Divine, Sentient, and Common Law Witness

---

**Archetype**

*Form: publici sui juris / Affidavit*
*Session: one supreme Court*

### Act of State
### Primary Signature Certification
(Convention de La Haye du 5 October 1961)
TIAS 10072, 33 UST 883, 527 UNTS 189, (Convention # 12)

TINA WHITE, do hereby certify the document enclosed to be a true, correct, complete and not misleading Original of the Archetype, containing the primary signature as sealed below. This notarization is for the purpose of signature (autograph) certification only, for foreign use (i.e., United States of America) of the U.S. originated document. This is pursuant to the Hague Conference on Private International Law dated October 5th, 1961, at the Convention Abolishing the Requirement of Legislation for Foreign Public Documents. It was on 15 October, 1981 in which the United States declared its entry to this Convention, and this procedure is required for the legalization of administrative/judicial documents as been endorsed.

The State of Colorado
The County of Jefferson

Sentient Within, Autograph

Acknowledged before me the 23 day of _____

_____
Mina M. White
Notary Signature

Apostille Number: _____
(applied manually upon issuance)

*Reaffirmation of Character and Renunciation of Attempted Expatriation/Act of State*

My Commission Expires 01/02/2011

NOTARY PUBLIC
STATE OF COLORADO

**MIKE COFFMAN**
**COLORADO SECRETARY OF STATE**
c/o **NAME OF DEPARTMENT OR DIVISION THAT HANDLES APOSTILLE'S**
**1700 BROADWAY #200**
**DENVER COLORADO**

Date: $4 \cdot 23 \cdot 09$

Dear **MIKE COFFMAN**:

You are herein given official notice that I, as an official Notary of the State of COLORADO, have been requested to present this Act of State document, on behalf of Phillip-Andrew:Wolf. Please find enclosed a one (1) page document for certification of apostille. Also enclosed is payment (money order) for required fees and services pursuant to CORADO STATE statutes in the total amount of $5.00 USD. After certification, please return originals to the below address.

*Type of Document:*
Act of State for UNITED KINGDOM
Apostille, by COLORADO SECRETARY OF STATE

*Return Apostille and original document to:*
**HAND RECEIVED**
c/o TINA WHITE, Notary Acceptor
**4855 MILLER ST.**
**WHEATRIDGE, COLORADO  80033**

Subscribed and affirmed before me in the county of Jefferson, State of Colorado, this 23rd day of April. 2009.

Thank you for your assistance.

4855 MILLER ST
WHEATRIDGE, COLORADO   80033
Certification of Apostille Requested by:

Phillip Andrew Wolf

My Commission Expires 01/02/2011

Enclosure: Act of State,

# Exhibit B:

**Exhibit B**: Contract between Complainant and BEAVER CREEK which makes no reference to a "simultaneous closing."

Exhibit: _____

# PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT ("**Agreement**") is made as of May 20, 2008 (the "**Effective Date**"), by and between Phillip A. Wolf ("**Buyer**"), and Beaver Creek Land & Cattle, LLC ("**Seller**"). Buyer and Seller are sometimes referred to herein as the "parties" or, individually, as a "party."

## RECITALS:

A.     Seller owns or will own certain real property located in Hot Springs County, Wyoming and commonly known as the Lost Peaks Ranch, which is more particularly described on Exhibit A attached hereto (the "**Property**"). The Property includes all water and mineral rights that Seller acquired in its purchase of the Property that are appurtenant to the Property.

B.     Seller desires to sell, and Buyer desires to purchase, the Property, subject to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants set forth below in this Agreement, and other good and valuable consideration, Seller and Buyer agree as follows:

## AGREEMENT:

### ARTICLE I

1.1     Defined Terms. Capitalized terms used in this Agreement have the meaning given to them in this Agreement.

1.2     Purchase and Sale. Upon the terms and conditions stated below, Seller hereby agrees to sell and convey the Property to Buyer, and Buyer hereby agrees to purchase the Property from Seller and to pay the Purchase Price to Seller.

### ARTICLE II

2.1     Purchase Price. The purchase price for the Property shall be Seventy Five Million Dollars ($75,000,000.00) (the "**Purchase Price**"). Buyer shall pay the Purchase Price, less the amount of the Earnest Money Deposit, to Seller in cash at Closing. Buyer shall pay purchase price to Seller via Treasury Account to escrow for closing.

2.2     Earnest Money Deposit. Concurrent with the full execution of this Agreement, Buyer shall deposit with Title Company the sum of Zero Dollars ($00.00) (the "**Earnest Money**"). Title Company shall hold the Earnest Money, in escrow, to be applied against the Purchase Price at Closing. If Buyer fails to close its purchase of the Property on or before the Closing Date, the Earnest Money shall be released to Seller, which Seller may retain in addition to any and all other remedies available to Seller in law or equity.

### ARTICLE III

No Deposit
Trouble Only

*Exhibit A*

AB

## ARTICLE III

3.1    Title Insurance.  At the Closing, Seller shall cause a ALTA standard Owner's Policy of Title Insurance (the "Title Policy") for the Property to be furnished to Buyer.  Seller shall pay the title insurance premium for the Title Policy.  Buyer shall have the right to obtain extended coverage for the Title Policy by paying that portion of the title insurance premium required to obtain any extended coverage.

## ARTICLE IV

4.1    Seller's Representations & Warranties.  Seller represents and warrants to Buyer that the following statements are true and shall be true on the Closing Date:

4.1.1    Seller possesses all requisite power and authority to enter into this Agreement and to perform its obligations according to the terms and conditions of this Agreement.

4.1.2    The execution of this Agreement or any instrument or document required by this Agreement, and the consummation of the transaction contemplated by this Agreement will not violate any order, ruling, certificate or license, regulation or demand of any court or regulatory agency to which Seller or the Property is subject or any agreement to which Seller is a party.

4.1.3    This Agreement, when duly executed by Seller, shall constitute a valid, legal and binding obligation of Seller, and shall be enforceable.

4.1.4    Seller is the owner of the Property or shall be the Owner of the Property on or before the Closing.

## ARTICLE V

5.1    Buyer's Representations & Warranties.  Buyer represents and warrants to Seller that the following statements are true and shall be true on the Closing Date:

5.1.1    The execution of this Agreement or any instrument or document required by this Agreement, and the consummation of the transaction contemplated by this Agreement will not violate any order, ruling, certificate or license, regulation or demand of any court, regulatory agency or other tribunal to which Buyer is subject or to any agreement to which Buyer is a party.  The consummation will be through a treasury account as outlined in section 2.1.

5.1.2    This Agreement, when duly executed by Buyer, shall constitute a valid, legal and binding obligation of Buyer, and shall be enforceable.

## ARTICLE VI

6.1    Date and Place of Closing.  The closing of the transactions described in this Agreement (the "Closing") shall take place on a date determined by Seller on or before June 30,

As

2



2008 (the "**Closing Date**") in the offices of title company selected by Seller (the "**Title Company**"), or such other location as Buyer and Seller shall designate.

    6.2    Items to be delivered at the Closing.

    6.2.1   Seller. On or before the Closing Date, Seller shall deliver to Title Company each of the following items, to be delivered to Buyer at the Closing:

        6.2.1.1   A Special Warranty Deed in the statutory form (the "**Deed**");

        6.2.1.2   A bill of sale for the "cow camp," range improvements and other personal property and equipment to be transferred at the Closing; and

        6.2.1.3   All additional documents and instruments which are reasonably necessary to the consummation of this transaction.

    6.2.2   Buyer. On or before the Closing Date, Buyer shall deliver to Title Company each of the following items:

        6.2.2.1   Valid funds in the full amount of the Purchase Price, less the Earnest Money Deposit, plus Buyer's share of Closing costs and prorations, as provided below; and,

        6.2.2.2   All additional documents and instruments which are reasonably necessary to the consummation of this transaction.

    6.3    Closing Prorations. Ad valorem and similar taxes and assessments relating to the Property shall be prorated between Seller and Buyer as of the Closing Date, based upon the best available estimates of the amount of taxes that will be due and payable on the Property during the calendar year of the Closing. All other expenses of the Property and any rental income shall also be prorated as of the Closing Date. The provisions of this section shall survive the Closing and delivery of the Deed.

    6.4    Closing Costs. All escrow and Closing fees charged by Title Company shall be divided equally between, and paid by, Buyer and Seller. Buyer shall pay all recording fees. Seller shall pay the premium for the Title Policy. Buyer and Seller shall each pay for the cost of their own legal counsel and other advisors in connection with this transaction.

ARTICLE VII

    7.1    No Brokers; Indemnity. Seller and Buyer represent and warrant to each other that neither has contacted any real estate broker, finder, or other party in connection with this transaction, to whom any real estate brokerage, finder, or other fees may be due or payable with respect to the transaction contemplated hereby. The provisions of this section shall survive the Closing and delivery of the Deed.

    7.2    Post Closing Covenants. Buyer hereby acknowledges and agrees that (i) a former owner of the Property has the right to continue to graze cattle on the deeded portions of the Property from and after the Closing until October 15, 2008, subject to a lease that Seller shall assign to Buyer,



3

at Closing, (ii) such former owner may remain in possession of the "Mill Iron" location home on the Property until September 1, 2008, (iii) the former owner's agent "John" may continue to occupy the home he occupies as of the Effective Date until October 15, 2008, (iv) such former owner shall be entitled to hunting rights for 1 elk and 2 deer for the 2008 season, and … The provisions of this section shall survive the Closing and delivery of the Deed.

## ARTICLE VIII

8.1     Governing Law.  The laws of the State of Wyoming shall govern the validity, enforcement, and interpretation of this Agreement, unless otherwise specified herein.

8.2     Entirety and Amendments.  This Agreement embodies the entire agreement between the parties and supersedes any prior agreements and understandings, if any, relating to the Property, and may be amended only by written instrument executed by Seller and Buyer.

8.3     Multiple Counterparts.  This Agreement may be executed in a number of identical counterparts.  Each of such counterparts is to be deemed an original for all purposes, and all such counterparts shall, collectively, constitute one agreement.

8.4     Parties Bound.  This Agreement shall be binding upon and inure to the benefit of Seller and Buyer, and their respective heirs, successors and assigns.

8.5     Further Acts.  In addition to the acts and deeds recited herein and contemplated to be performed, executed, and delivered by Seller and Buyer, Seller and Buyer agree to perform, execute, and deliver or cause to be performed, executed, and delivered at the Closing or after the Closing any and all such further acts, deeds, and assurances as may be necessary to consummate the transactions contemplated hereby.  Buyer may record a memorandum of this Agreement against the Property.

EXECUTED as of the Effective Date.

**SELLER:**

Beaver Creek Land & Cattle, LLC

By: _____

Its: _M_u_n_a_g_e_r_____

**BUYER:**

Phillip A. Wolf
PO Box 16804
Golden, CO 80402

Phillip A. Wolf

4

# Exhibit C:

**Exhibit C**: Complainant's motion to dismiss w/exhibits, citing contractual language in his favor.

Exhibit: _____

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF WYOMING

10

11   BEAVER CREEK LAND &        ) No. **08-CV-202-J**
     CATTLE, LLC.,              )
12              Plaintiff,      ) DEFENDANT'S VERIFIED MOTION TO
                                ) DISMISS for failure to state a claim.
13        vs.                   )
                                ) FRCvP 12(b)(6). No oral argument requested.
14                              )
15   Philip Andrew; Wolf,       ) **NOTE FOR:** June _____, 2009.
              Defendant.        )
16

17   **Introduction to motion to dismiss for failure to state a claim**.

18        1.1 COMES NOW, Defendant above named, seeking specific relief in the form of

19   dismissal of this action with prejudice pursuant to FRCvP 12(b)(6). Upon review of relevant

20   documents this Court will understand this action to be commenced without cause and in

21   violation of the subject contract now in dispute or controversy.

22        1.2 This Court will find that the Plaintiff has, in dealings concerning this matter, made

23   assurances to the Defendant that remedy such as that pursued through this action was

     unavailable to the parties to the subject proposed transaction now in controversy. In exchange,

24   Plaintiff received assurances in kind from the Defendant. Inasmuch as such assurances

25   constitute a contractual waiver of rights to such remedy, Plaintiff's allegations of breach are

26   irrelevant to standing to bring suit.

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).      Page 1 of 4                    Philip Andrew; Wolf
                                                                             P.O. Box 16804
                                                                             Golden, CO 80402

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## A. Standard for Rule 12(b)(6) dismissal.

1.3 Motions for judgment on the pleading for failure to state a claim are disfavored in the law. *Hall v. City of Santa Barbara*, 813 F.2d 198, 201 (9th Cir. 1986), amended by, 833 F.2d 1270, 1274 (9th Cir. 1986), cert. denied, 485 U.S. 940 (1988). The United States Court of Appeals, Ninth Circuit, has stated that dismissal is unwarranted unless `` `it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " (See *Love v. United States*, 871 F.2d 1488, 1491 (9th Cir. 1989) (quoting *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987)); also *Conley v. Gibson*, 355 U.S. 41 (1957)).

1.4 The complaint should not be dismissed simply because the court does not believe the complainant will succeed, or because it does not appear that the complainant is entitled to the relief requested. The court is to analyze the allegations presented in the complaint to determine if they would support relief on any theory, not just the theory advanced by the complainant. When the theory is novel, the court should be exceptionally hesitant to grant a dismissal on the basis of the pleadings. (See generally C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1357 (1990)).

1.5 When considering a judgment on the pleadings, only the contents of the complaint are reviewed. The motion for judgment on the pleadings based upon a failure to state a claim may also be treated as a motion for summary decision, if matters outside the pleading are presented and considered by the court. (See Rule 12(b)). The allegations are accepted as true and are construed in the light most favorable to Complainant. See *Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990); *Love*, 871 F.2d at 1491. A Rule 12(b)(6) motion does not provide the court with discretion to dismiss or not, since it is an issue of law. Even if, by applying liberal pleading standards, the complaint is formally insufficient, the motion must be granted. See Wright & Miller, *supra*.

## B. Assurances and contractual constraints upon remedies for non-performance or breach.

1.6 Defendant denies having breached the subject contract as the Plaintiff has alleged and he hereby reserves all rights not expressly waived on record. Attached hereto as **Exhibit A** is a copy of the subject contract (emphasis not added) which reads:

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).     Page 2 of 4

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

> "**Recitals**: B. Seller desires to sell, and Buyer desires to purchase, the Property, subject to the terms and conditions of this Agreement.
>
> NOW, THEREFORE, in consideration of the mutual covenants set forth below in this Agreement, and other good and valuable considerations, Seller and Buyer agree as follows[.]"

> "§ 4.1.4 Seller is the owner of the property or will be the Owner of the Property on or before the Closing."

> "§ 8.1 Governing law. The laws of the State of Wyoming shall govern the validity, enforcement, and interpretation of this Agreement, unless otherwise specified herein."

1.7 Pursuant to the subject contract, Plaintiff has reserved rights to remedy only under Wyoming state law, as has the Defendant. No express retention of any other remedy at law or equity is made here by either party to the subject contract. The jurisdiction of this Court was invoked under 28 USC § 1332(a)(1) which is not Wyoming state law. Inasmuch as the parties to the subject contract have waived remedy under all but Wyoming state law, Plaintiff has failed to state a claim upon which relief may be granted.

1.8 As it relates to the Plaintiff, the term "Seller" is to be understood as inaccurate for the purposes of the subject property. It is the understanding of the Defendant that the Plaintiff has never been more than a prospective purchaser of the subject property. Plaintiff excepted an earnest money payment of "Zero Dollars."

> "§ 2.2 Earnest Money Deposit. Concurrent with the full execution of this Agreement, Buyer shall deposit with Title Company the sum of Zero Dollars ($00.00) (the "**Earnest Money**"). Title Company shall hold the Earnest Money, in escrow, to be applied against the Purchase Price at Closing. If buyer fails to close its purchase of the Property on or before the Closing Date, the Earnest Money shall be released to Seller, Which Seller may retain in addition to any and all other remedies available to Seller in law or equity."

1.9 This clause of the contract makes no mention of the Defendant being liable to the Plaintiff for future damages or for any other ramification or adverse effect due to non-performance or breach, and the restriction to Wyoming state follows near the contract's end, at § 8.1, *supra*.

1.10 Had the contract not contained this stipulation restricting enforcement to Wyoming state when it was first proposed, doubtless he would have asked that such a clause

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).     Page 3 of 4

Philip Andrew, Wolf
P.O. Box 16804
Golden, CO 80402

be added to the terms of the contract. To read § 2.2 of the subject contract as a reservation of other remedies, when in fact it says "may" instead of "shall," and when the Plaintiff does not later state an intention to make such a reservation, renders § 2.2 moot: of no effect.

## VERIFICATION

1.11 I, Philip Andrew; Wolf, Complainant hereto, do hereby declare under penalties of perjury (28 USC § 1746) that the foregoing accounting of facts are true and correct to the best of my knowledge, and that I am entitled to the relief requested herein. Executed this _____ day of May, 2009.

Signed: _____

    Philip Andrew; Wolf, Defendant

1.12 The above affirmation was SUBSCRIBED and duly SWORN to before me this _____ day of May, 2009, by Philip Andrew; Wolf.

1.13 I, _____, am a Notary under license from the State of Colorado whose Commission expires _____, and be it known by my hand and my Seal as follows:

_____

Notary signature

Dated:_____                    Presented by:

                                       Philip Andrew; Wolf
                                       P.O. Box 16804
                                       Golden, CO 80402

CERTIFICATE OF SERVICE: I, _____, do hereby certify that I did deposit in U.S. Post First Class and in adequate packaging two copies of the attached documents (Philip Andrew; Wolf's motion to dismiss) addressed to the following parties: Brett F. King, 610 West Broadway #201, P.O. Box 40, Jackson, WY 83001. I am a Citizen of the United States. I am over 18 years of age, and I am not party to this action.

_____                    _____
    Date                                                              Signature

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).          Page 4 of 4          Philip Andrew; Wolf
                                                               P.O. Box 16804
                                                               Golden, CO 80402

# Exhibit D:

**Exhibit D**: Defendant BEAVER CREEK's opposition claiming that a "simultaneous closing" was a contractual obligation of the Complainant, ailing to point to any contractual language providing for such.

Exhibit: _____

Bret F. King
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 facsimile

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BEAVER CREEK LAND & CATTLE, LLC,** )<br>**a Utah Limited Liability Corporation,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>) **Civil Action No.  08-CV-202-J**<br>)<br>**PHILLIP A. WOLF,** )<br>)<br>**Defendant.** ) | |

## PLAINTIF'S OPPOSITION TO DEFENDANT'S
## SECOND MOTION TO DISMISS

COMES NOW, Plaintiff Beaver Creek Land & Cattle, LLC ("Plaintiff"), by and

through counsel undersigned, and moves this Court for an order denying Defendant's

second Motion to Dismiss ("Second Motion to Dismiss").

## INTRODUCTION

Defendant, Phillip A. Wolf ("Defendant") has now filed a Second Motion to Dismiss in this action. As with Defendant's first Motion to Dismiss, filed with Defendant's answer, Plaintiff's Second Motion is frivolous and lacks any remotely legitimate arguments or grounds for dismissal. In addition, Defendant's Second Motion to Dismiss violates the procedural requirements of F.R.C.P 12(b)(6), as it was filed after Defendant's responsive pleadings.

Although Plaintiff understands affording Defendant some leeway as a *pro se* litigant, this is the second baseless motion to dismiss that Plaintiff has been forced to respond to. This Court has already admonished Mr. Wolf that he must comply with all procedural rules and deadlines in this case. *See* Order Granting Defendant's Motion to Set Aside Entry of Default Judgment, January 27, 2009. Defendant's motion appears to have been filed for no other purpose than to force Defendant to spend time and money preparing a response. Therefore, in addition to filing this opposition, Plaintiff has given Defendant 21 days notice, pursuant to F.R.C.P. 11(c), of Plaintiff's intention to file a motion for sanctions, pursuant to F.R.C.P. 11(b), seeking costs and fees associated with responding to Defendant's Second Motion to Dismiss.

## DEFENDANT'S MOTION IS UNTIMELY AND SHOULD NOT BE CONSIDERED

Defendant's motion to dismiss for failure to state a claim is untimely and should not be considered by this Court. Motions under F.R.C.P. 12(b)(6) must be filed prior to Defendant's filing of a responsive pleading. Defendant filed his Answer on February 12,

2009, and therefore Defendant's current motion to dismiss is improper and should not be considered.

## DEFENDANT'S MOTION IS FRIVOLOUS

In the event that this Court chooses to consider Defendant's motion, it should be denied. Defendant's motion makes three arguments as to why Plaintiff's Complaint should be dismissed: 1) Waiver; 2) Venue; and 3) Unavailability of remedies. Each of these arguments is baseless.

First, Defendant argues that Plaintiff "made assurances to the Defendant that remedy such as that pursued through this action was unavailable to the parties to the subject proposed transaction now in controversy." *See* Second Motion to Dismiss at ¶1.2. Defendant seems to be implying that there was some agreement between the parties that neither would sue the other for breach. Defendant does not support his Motion with any admissible evidence or affidavits. Such an agreement is also contrary to the clear language of the Contract which provides that the seller/plaintiff retained, in addition to retaining any earnest money deposit, "any and all other remedies available to Seller in law or equity."

Second, Defendant argues that §8.1 of the contract, establishing that the contract would be interpreted under Wyoming law, bars the current action in federal court. *Id.* at ¶1.7. Although this action is being pursued in federal court, §8.1 of the contract clearly states that Wyoming law will govern the enforcement and interpretation of this Agreement. In this case there is no dispute as to the fact that Wyoming law will apply. Furthermore, even if there was a dispute, under Wyoming choice of law rules, the law of the state chosen by the parties to govern their contract presumptively applies. Res. *Tech.*

*Corp. v. Fisher Scientific Co.*, 924 P.2d 972, 975 (Wyo. 1996); Restatement (Second) of Conflict of Laws § 187.  Federal courts routinely enforce the parties' choice of law provisions and there is no reason this Court cannot interpret the contract at issue under Wyoming law.  See, e.g., *Griffin v. Bank of America* 971 F.Supp. 492, 496 (D.Kan. 1997).  There is no provision of the contract that requires that the action be venued in Wyoming state courts.

Third, Defendant appears to argue that §2.2 of the contract should be interpreted such that Defendant cannot be held liable for his breach.  The language of §2.2 states that in the event that buyer (Defendant) failed to close, seller (Plaintiff) would receive the Earnest Money, "Which Seller may retain in addition to any and all other remedies available to Seller in law or equity."  Defendant somehow interprets this clause to mean that Plaintiff has no remedies for Defendant's breach.  It is difficult to follow Defendant's reasoning, as there is nothing in this clause that would prevent Plaintiff from pursuing the current action.

There is no legitimate basis for dismissal presented in any of Defendant's three arguments.  Defendant's entire motion is frivolous and serves no purpose other than to cause Plaintiff to spend time and incur expenses in preparing a response.

## CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Dismiss should not be considered by this Court.  However, in the event that this Court chooses to entertain Defendant's Motion, it should be denied.

DATED this 12th day of June, 2009.

_____/s/_____
Bret F. King
Wyoming Bar No. 5-2353
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 – facsimile
kinglaw@wyom.net
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of June, 2009, a true and correct copy of the foregoing was served upon the following person, by placing the same in the service indicated, postage prepaid, addressed as follows:

Phillip A. Wolf                  [X]    U.S. Mail
4855 Miller Street               [ ]    Hand-Delivery
Wheat Ridge, CO 80033            [ ]    Telefacsimile
                                 [ ]    Other:

# Exhibit E:

**Exhibit E**: Complainant's reply to **Ex.D** exposing the weakness of BEAVER CREEK's case and the false nature of its claims.

Exhibit: _____

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                            FOR THE DISTRICT OF WYOMING

10

11    BEAVER CREEK LAND &          ) No. **08-CV-202-J**
      CATTLE, LLC.,                 )
12                     Plaintiff,   ) DEFENDANT'S VERIFIED MOTION TO
                                    ) DISMISS for failure to state a claim.
13        vs.                       )
                                    ) FRCvP 12(b)(6). No oral argument requested.
14                                  )
15    Philip Andrew; Wolf,          )  **NOTE FOR:** June _____, 2009.
                       Defendant.   )
16    _____

17    **Introduction to motion to dismiss for failure to state a claim**.

18        1.1 COMES NOW, Defendant above named, seeking specific relief in the form of

19    dismissal of this action with prejudice pursuant to FRCvP 12(b)(6). Upon review of relevant

20    documents this Court will understand this action to be commenced without cause and in

21    violation of the subject contract now in dispute or controversy.

22        1.2 This Court will find that the Plaintiff has, in dealings concerning this matter, made

      assurances to the Defendant that remedy such as that pursued through this action was
23
      unavailable to the parties to the subject proposed transaction now in controversy. In exchange,
24
      Plaintiff received assurances in kind from the Defendant. Inasmuch as such assurances
25
      constitute a contractual waiver of rights to such remedy, Plaintiff's allegations of breach are
26    irrelevant to standing to bring suit.

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).        Page 1 of 4                    Philip Andrew, Wolf
                                                                               P.O. Box 16804
                                                                               Golden, CO  80402

### A. Standard for Rule 12(b)(6) dismissal.

1.3 Motions for judgment on the pleading for failure to state a claim are disfavored in the law. *Hall v. City of Santa Barbara*, 813 F.2d 198, 201 (9th Cir. 1986), amended by, 833 F.2d 1270, 1274 (9th Cir. 1986), cert. denied, 485 U.S. 940 (1988). The United States Court of Appeals, Ninth Circuit, has stated that dismissal is unwarranted unless `` `it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " (See *Love v. United States*, 871 F.2d 1488, 1491 (9th Cir. 1989) (quoting *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987)); also *Conley v. Gibson*, 355 U.S. 41 (1957)).

1.4 The complaint should not be dismissed simply because the court does not believe the complainant will succeed, or because it does not appear that the complainant is entitled to the relief requested. The court is to analyze the allegations presented in the complaint to determine if they would support relief on any theory, not just the theory advanced by the complainant. When the theory is novel, the court should be exceptionally hesitant to grant a dismissal on the basis of the pleadings. (See generally C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1357 (1990)).

1.5 When considering a judgment on the pleadings, only the contents of the complaint are reviewed. The motion for judgment on the pleadings based upon a failure to state a claim may also be treated as a motion for summary decision, if matters outside the pleading are presented and considered by the court. (See Rule 12(b)). The allegations are accepted as true and are construed in the light most favorable to Complainant. See *Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990); *Love*, 871 F.2d at 1491. A Rule 12(b)(6) motion does not provide the court with discretion to dismiss or not, since it is an issue of law. Even if, by applying liberal pleading standards, the complaint is formally insufficient, the motion must be granted. See Wright & Miller, *supra*.

### B. Assurances and contractual constraints upon remedies for non-performance or breach.

1.6 Defendant denies having breached the subject contract as the Plaintiff has alleged and he hereby reserves all rights not expressly waived on record. Attached hereto as **Exhibit A** is a copy of the subject contract (emphasis not added) which reads:

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).      Page 2 of 4

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO  80402

1
2
3
4

"**Recitals**: B. Seller desires to sell, and Buyer desires to purchase, the Property, subject to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants set forth below in this Agreement, and other good and valuable considerations, Seller and Buyer agree as follows[.]"

5
6

"§ 4.1.4 Seller is the owner of the property or will be the Owner of the Property on or before the Closing."

7

"§ 8.1 Governing law. The laws of the State of Wyoming shall govern the validity, enforcement, and interpretation of this Agreement, unless otherwise specified herein."

8
9
10
11
12
13

1.7 Pursuant to the subject contract, Plaintiff has reserved rights to remedy only under Wyoming state law, as has the Defendant. No express retention of any other remedy at law or equity is made here by either party to the subject contract. The jurisdiction of this Court was invoked under 28 USC § 1332(a)(1) which is not Wyoming state law. Inasmuch as the parties to the subject contract have waived remedy under all but Wyoming state law, Plaintiff has failed to state a claim upon which relief may be granted.

14
15
16

1.8 As it relates to the Plaintiff, the term "Seller" is to be understood as inaccurate for the purposes of the subject property. It is the understanding of the Defendant that the Plaintiff has never been more than a prospective purchaser of the subject property. Plaintiff excepted an earnest money payment of "Zero Dollars."

17
18
19
20
21

"§ 2.2 Earnest Money Deposit. Concurrent with the full execution of this Agreement, Buyer shall deposit with Title Company the sum of Zero Dollars ($00.00) (the "**Earnest Money**"). Title Company shall hold the Earnest Money, in escrow, to be applied against the Purchase Price at Closing. If buyer fails to close its purchase of the Property on or before the Closing Date, the Earnest Money shall be released to Seller, Which Seller may retain in addition to any and all other remedies available to Seller in law or equity."

22
23
24
25

1.9 This clause of the contract makes no mention of the Defendant being liable to the Plaintiff for future damages or for any other ramification or adverse effect due to non-performance or breach, and the restriction to Wyoming state follows near the contract's end, at § 8.1, *supra*.

26

1.10 Had the contract not contained this stipulation restricting enforcement to Wyoming state when it was first proposed, doubtless he would have asked that such a clause

Defendant's motion to dismiss for
failure to state a claim. FRCvP 12(b)(6).     Page 3 of 4

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

1    be added to the terms of the contract. To read § 2.2 of the subject contract as a reservation of

2    other remedies, when in fact it says "may" instead of "shall," and when the Plaintiff does not

3    later state an intention to make such a reservation, renders § 2.2 moot; of no effect.

4

5                                    VERIFICATION

6        1.11 I, Philip Andrew; Wolf, Complainant hereto, do hereby declare under penalties of

7    perjury (28 USC § 1746) that the foregoing accounting of facts are true and correct to the best

8    of my knowledge, and that I am entitled to the relief requested herein. Executed this_____ day

9    of May, 2009.

10   Signed: _____ _____

11            Philip Andrew; Wolf, Defendant

12        1.12 The above affirmation was SUBSCRIBED and duly SWORN to before me this

_____ day of May, 2009, by Philip Andrew; Wolf.

13        1.13 I, _____, am a Notary under license from the State of

14   Colorado whose Commission expires _____, and be it known by my hand and my Seal as

15   follows:

16   _____ _____ _____

17            Notary signature

18

19

20   Dated:_____              Presented by:

21                                       _____

22                                       Philip Andrew; Wolf
                                         P.O. Box 16804
                                         Golden, CO 80402

23   CERTIFICATE OF SERVICE: I, _____, do hereby certify that

24   I did deposit in U.S. Post First Class and in adequate packaging two copies of the attached documents
     (Philip Andrew; Wolf's motion to dismiss) addressed to the following parties: Brett F. King, 610 West

25   Broadway #201, P.O. Box 40, Jackson, WY 83001. I am a Citizen of the United States, I am over 18
     years of age, and I am not party to this action.

26   _____                          _____
     Date                                 Signature


Defendant's motion to dismiss for                    Philip Andrew; Wolf
failure to state a claim. FRCvP 12(b)(6).    Page 4 of 4    P.O. Box 16804
                                                     Golden, CO 80402

# Exhibit F:

**Exhibit F**: Ruling of Defendant JOHNSON denying Complainant's motion to dismiss stating that Complainant was bound to a "simultaneous closing" under the subject Contract at **Ex.B**.

Exhibit: _____

Bret F. King
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 facsimile

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BEAVER CREEK LAND & CATTLE, LLC,** )<br>**a Utah Limited Liability Corporation,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>) **Civil Action No. 08-CV-202-J**<br>)<br>**PHILLIP A. WOLF,** )<br>)<br>**Defendant.** ) | |

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The Plaintiff, by and through counsel, and for response to the Defendant's Motion

to Dismiss, states and alleges as follows:

Tucked within the Defendant's Answer is a caption titled "Motion to Dismiss."

See Paragraphs 15 through 22 of Defendant's Answer and Motion to Dismiss.

The Motion is defective on the grounds that it fails to reference the statute upon which the Motion is based and also fails to set forth any reason as to why Defendant is entitled to a Motion to Dismiss at this juncture of the case.

The Motion is either a 12(b)(6) motion under the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted or a motion for summary judgment, although it is not delineated as such. However, there is an affidavit of the Defendant accompanying the Answer and Motion.

### F.R.C.P. 12(b)(6) Motion to Dismiss

The Complaint clearly states claims upon which relief can be granted. Specifically, the Complaint is for damages arising out of a breach of contract. The Complaint specifically alleges that the Defendant entered into a contract (*see Paragraph 4 of Plaintiff's Complain)*; that the Defendant breached the contract (*see Paragraph 7 of Plaintiff's Complaint)*; and that Plaintiff was injured by the Defendant's breach (*see Paragraph 11of the Plaintiff's Complaint).*

Defendant's assertion that the Complaint fails to state a claim upon which relief can be granted lacks any legal foundation. The Defendant makes bald assertions that the Plaintiff was "injured…at the devices of their [*sic*] own hands. It appears that Plaintiff is appearing without clean hands". It appears as though Defendant has captioned his affirmative defenses, such as unclean hands, as a Motion to Dismiss. Defendant's factual arguments do not constitute a proper basis for a Rule 12(b)(6) motion.

Likewise, the Defendant's argument that "proposed purchase agreements occur every day. Some close and some do not." does not excuse the Defendant's breach of the

contract nor is it relevant to a 12(b)(6) motion. The same argument can be made for the remainder of the arguments of the Defendant in Paragraphs 20 through 22.

In short, the Defendant's arguments are without any legal or factually supported basis.

## Summary Judgment

Likewise, if the Defendant's Motion is a motion for summary judgment, he does not comply with the Federal Rules of Civil Procedure in that he does not allege that there are no material issues of fact to be decided.

Furthermore, the affidavit of the Defendant is by and large nonsensical. The Defendant discusses the transaction in vague generalities, apparently placing blame on the U.S. Treasury for his failure to perform.

While all of this may ultimately comprise a portion of the Defendant's defenses, in no way does it explain how or why the Defendant failed to close on the property. For example, Defendant does not explain how or why the U.S. Treasury's alleged failure to send him money is relevant to Plaintiff's claim. The contract at issue does not have any conditions for the Defendant obtaining his money from the U.S. Treasury and Defendant's failure to obtain this money does not excuse his breach. *See Exhibit 1 to the Complaint.*

Ultimately, whether styled as a Rule 12(b)(6) motion to dismiss or a summary judgment motion, Defendant lacks any factual or legal support for his claim. Based upon the foregoing the Defendant's Motion to Dismiss should be denied.

*Beaver Creek Land & Cattle, LLC, a Utah Limited Liability Corporation v. Phillip A. Wolf*
*Response to Defendant's Motion to Dismiss*
*Page 3 of 4*

DATED this 27th day of February, 2009.

/s/

Bret F. King
Wyoming Bar No. 5-2353
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 – facsimile
kinglaw@wyom.net
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of February, 2009, a true and correct copy of the foregoing was served upon the following person, by placing the same in the service indicated, postage prepaid, addressed as follows:

Peter A. Wolf
4855 Miller Street
Wheat Ridge, CO 80033

[X]  U.S. Mail
[ ]  Hand-Delivery
[ ]  Telefacsimile
[ ]  Other:

/s/

King & King, LLC

*Beaver Creek Land & Cattle, LLC, a Utah Limited Liability Corporation v. Phillip A. Wolf*
*Response to Defendant's Motion to Dismiss*
*Page 4 of 4*

# Exhibit G:

**Exhibit G**: Defendant BEAVER CREEK's motion for release of liens and for sanctions against Complainant under 28 USC § 1927 which only applies to persons "admitted to conduct cases" in U.S. Dist. Court.

Exhibit: _____

Bret F. King
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 fax

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BEAVER CREEK LAND & CATTLE, LLC,** ) <br> **a Utah Limited Liability Corporation,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) **Civil Action No. 08-CV-202-J** <br> ) <br> **PHILLIP A. WOLF,** ) <br> ) <br> **Defendant.** ) | |

## MOTION FOR RELEASE OF FALSE LIENS AND REQUEST FOR SANCTIONS

COMES NOW Plaintiff Beaver Creek Land & Cattle, LLC ("Plaintiff"), by and through

counsel, and pursuant to W.S. §29-1-311, and this Court's inherent authority, hereby moves for

release of false liens filed by the Defendant and requests sanctions pursuant to 28 U.S.C. § 1927.

This Motion is based on the Affidavit of Bret F. King, all exhibits attached hereto, and all

pleadings and papers on file in this action. In support of this Motion Plaintiff states as follows:

## I. INTRODUCTION

Defendant Phil Wolf's ("Defendant") tactics in this litigation have finally gone beyond mere obstruction and delay and reached the level of blatant fraud and extortion. As Plaintiff feared may happen, Defendant has filed liens against the property of Plaintiff's counsel. ostensibly on the grounds that Plaintiff has defaulted on Defendant's counterclaims in this litigation. Defendant has also given notice of his intent to file additional liens against Plaintiff's property. Moreover, Defendant has stated that unless Plaintiff settles all controversies with Defendant in this matter, Defendant will not remove the liens and will notify all credit reporting agencies as to the status of the liens and the fabricated "default" Defendant claims to have been awarded in this action.

Although Defendant has not yet filed his false liens with the Court in this case, his liens have been recorded in Teton County, Wyoming, and are based on the argument Defendant has somehow been awarded a default by the Court in this action. Furthermore, Defendant's liens arise from his frivolous counterclaims in this case. Therefore, because Defendant's lien claims allegedly arise from a "default" he claims in this action, the nexus to this litigation provides this Court with jurisdiction to address Defendant's false liens.

Defendant has been given a remarkable amount of leeway in this case, both by Plaintiff and this Court. This Court warned Defendant that if he fails to follow the Rules of Civil Procedure and applicable Local Rules, he will be subject to additional sanctions, including potential default judgment and/or an award of all attorneys' fees and costs incurred by Plaintiff in this case. Given Defendant's blatant disregard for the authority of this Court and his filing of

false liens arising from this action, Plaintiff requests that Defendant's false liens be stricken and

released. In addition, because Defendant's filing of false liens are simply another in a long line

of vexatious litigation tactics employed by Defendant, Plaintiff requests that this Court award

damages and reasonable attorneys' fees to Plaintiff and additional sanctions this Court deems

appropriate.

## II. FACTS

On the week of February 15, 2010, Plaintiff's counsel received a letter from Defendant

stating that Defendant had placed liens on the property of Plaintiff and Plaintiff's counsel. See

Exhibit 1, attached hereto. In this letter Defendant states that these liens were based on

Plaintiff's "default in above named claim [Case #08CV202]" as well as an alleged agreement by

Plaintiffs to permit these liens. Id. The letter also states that Defendant intends to "notify all

credit reporting agencies of [Plaintiff's] indebtedness and the default judgment to [Defendant]."

Id.

Enclosed with Plaintiff's letter was a UCC Financing Statement, Doc. # 0767173, filed

January 26, 2010, naming as collateral all property belonging to Plaintiff's counsel, Bret King.

See Exhibit 2, attached hereto. The UCC financing statement included a "Notice of Claim of

Maritime Lien," alleging that the amount of indebtedness to Defendant was $9,765,000 billion

dollars, plus attorneys' fees, interest and costs. Id.

After conducting a search for additional UCC Financing Statements, Plaintiff has

discovered that Defendant has filed two additional financing statements in Teton County

Wyoming against Plaintiff's counsel, one against his home and the other against his office

building. See Exhibit 3 (Doc #0767171); See also Exhibit 4 (Doc #0767172). Plaintiff has not

discovered any additional liens against Plaintiff's property, but Defendant's letter indicates that

such liens are forthcoming.

Defendant's cover-letter accompanying its lien states that the only way Defendant will

remove the liens is by "resolving all controversies with [Defendant] in writing only." See

Exhibit 1. In other words, unless Plaintiff drops its claim against Defendant, Defendant will

continue to file false liens and report these liens to credit agencies. These liens are not only

completely baseless, but could have an impact on Plaintiff's counsel's credit rating and other

financial impacts.

## III. ARGUMENT

Defendant's abusive litigation tactics must be stopped. The false liens that Defendant has

filed in this matter not only violate Wyoming Statute § 29-1-311, which prohibits individuals

from filing false or groundless liens, but also violate 28 U.S.C. §1927, which prohibits

individuals from vexatiously multiplying litigation.

### A. Defendant's Liens Violate Wyoming Statute §29-1-311

Wyoming Statute §29-1-311, entitled "False or frivolous liens; damages; penalties" states

in pertinent part:

> (b) Any person whose real or personal property is subject to a recorded
> claim of lien who believes the claim of lien is invalid under subsection (a) of this
> section, was forged, **or that the person claiming the lien knew at the time of
> filing the lien was groundless, contained a material misstatement or false
> claim**, may petition the district court of the county in which the claim of lien has
> been recorded for the relief provided in this subsection. The petition shall state the
> grounds upon which relief is requested, and shall be supported by the affidavit of

the petitioner or his attorney setting forth a concise statement of the facts upon which the motion is based. The clerk of court shall assign a cause number to the petition and obtain from the petitioner a filing fee of thirty-five dollars ($35.00). Upon the filing of the petition the following shall apply:

(i) The court may enter its order, which may be granted ex parte, directing the person claiming the lien to appear before the court at a time no earlier than six (6) nor later than fifteen (15) days following the date of service of the petition and order on the person claiming the lien, and show cause, if any, why the relief provided in this subsection should not be granted;

(ii) The order shall clearly state that if the person claiming the lien fails to appear at the time and place noted, the claim of lien shall be stricken and released, and that the person claiming the lien shall be ordered to pay damages of at least one thousand dollars ($1,000.00) or actual damages, whichever is greater, and the costs incurred by the petitioner, including reasonable attorneys' fees;

(iii) The order and petition shall be served upon the person claiming the lien by personal service, or, where the court determines that service by mail is likely to give actual notice, the court may order that service be made by mailing copies of the petition and order to the person claiming the lien at his last known address or any other address determined by the court to be appropriate. Two (2) copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes shall bear the return address of the sender;

(iv) If, following a hearing on the matter the court determines that the claim of lien is invalid under subsection (a) of this section, was forged or **that the person claiming the lien knew at the time of filing the lien was groundless or contained a material misstatement or false claim**, the court shall issue an order striking and releasing the claim of lien and awarding damages of one thousand dollars ($1,000.00) or actual damages, whichever is greater, costs and reasonable attorneys' fees to the petitioner to be paid by the person claiming the lien;

(v) If the court determines that the claim of lien is valid, the court shall issue an order so stating and shall award costs and reasonable attorneys' fees to the person claiming the lien to be paid by the petitioner.

As set forth in the statement of facts above and in the Affidavit of Bret F. King, attached hereto as Exhibit 5, Defendant's lien is groundless and contains material misstatements and false claims. Defendant's liens are groundless as they are allegedly based on a "default" in this action that does not exist. Defendant's liens also contain the fabricated claim that they are based on an "International Commercial Claim by Affidavit of Specific Negative Averment Opportunity to Cure and Counterclaim # (Registered Mail #RE592801406 US from Negative Averment) Case #14744 Teton County." See Exhibits 2, 3, and 4. Furthermore, Defendant's liens each claim an amount due of "$9,765,000 billion [*sic*] dollars plus attorneys' fees, interest, additional costs applicable." See Exhibits 2, 3, and 4. These amounts are also pure fabrications by the Defendant.

Wyoming Statute §29-1-311 provides for an award of damages of $1,000.00 per false lien plus reasonable attorneys' fees. In this case there is no question that Defendant's liens are groundless and contain material misstatements. Plaintiff is therefore entitled to an award of $1,000.00 per false lien plus attorneys' fees incurred herein.

## B. Defendant's Vexatious Tactics Violate 28 U.S.C. §1927

Defendant's false liens in this action also constitute a violation of 28 U.S.C. §1927. This statute states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In this case, Defendant's liens have created additional litigation and are no more than a vexatious attempt to extort a settlement in this action. Although there is a split in authority as to whether 28 U.S.C. §1927 applies to pro se litigants, the statute has been applied against *pro se* litigants in the 10th Circuit. See Colorado ex. rel. Colorado Judicial Dep't v. Fleming, 726 F.Supp. at 1219. But see Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir. 2006). However despite the split in authority, there is strong precedent for applying 28 U.S.C. 1927 to *pro se* litigants. See, e.g., Wages v. I.R.S., 915 F.2d 1230, 1235 -1236 (9th Cir. 1990) (9th Circuit adopts interpretation that 28 U.S.C. §1927 applies to pro se litigants).

### C. Sanctions Are Appropriate under This Court's Inherent Authority

In addition to the statutory authority discussed above, this Court has the inherent power to prevent vexatious litigation. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (holding that courts have inherent power to protect themselves from vexatious litigation when other sources do not govern the subject); See also Alexander v. U.S., 121 F.3d 312, 315 -316 (7th Cir 1997).

If this Court chooses not to apply the statutorily authorized sanctions, Plaintiff requests that this Court award sanctions under its inherent authority. Throughout this litigation Defendant has done nothing but obstruct and delay, while simultaneously making threats that liens will be filed unless the case is dropped. Defendant's misconduct throughout this litigation has been well-documented, and led this Court to impose sanctions and strike several of Defendant's frivolous pleadings. See Docket Entry 49. In that Order, this Court admonished Defendant that his failure to comply with the Federal Rules of Civil Procedure and the Local Rule of this Court

could result in further sanctions, including the entry of default judgment and an award of costs
and expenses of litigation. Id. at p. 13.

Defendant's litigation tactic of filing false liens with threats that more liens will be filed
unless this case is dropped is the epitome of a vexatious litigation tactic. Defendant is literally
attempting to extort settlement by filing false liens. Plaintiff therefore requests that this Court
follow-through on its warning to Defendant and impose additional sanctions, including the entry
of default judgment and an award of attorneys' fees due to Defendant's ongoing pattern of
vexatious litigation conduct.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the following relief:

1. An Order striking the false liens of Defendant, attached hereto as Exhibits 2, 3, and 4.

2. An award of damages in the amount of $1,000.00 per false lien plus attorneys' fees
   incurred pursuant to Wyoming Statute §29-1-311.

3. Further sanctions pursuant to 28 U.S.C. §1927 or this Court's inherent authority,
   including the entry of default judgment and an award of attorneys fees and costs
   incurred in this suit.

4. Any other relief this Court deems just and equitable in light of Defendant's ongoing
   vexatious litigation tactics.

DATED this 29th day of March, 2010.

Bret F. King
Wyoming Bar No. 5-2353
King & King, L.L.C.
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 – facsimile
kinglaw@wyom.net
*Attorney for Plaintiff*

## *CERTIFICATE OF SERVICE*

This is to certify that on this 29th day of March, 2010, a true and correct copy of the foregoing
was served upon the following person, by electronic mail and by placing the same in the service
indicated, postage prepaid, addressed as follows:

| Phil -A. Wolf | [X] | U.S. Mail |
| 4855 Miller Street | [ ] | Hand-Delivery |
| Wheat Ridge, CO 80033 | [ ] | Telefacsimile |
| Pkwolf1@gmail.com | [X] | E-Mail |

King & King, LLC

Phillip Andrew Wolf
Re: Negative  Averment & Counterclaim
notice of status and advisory
All Third-Party Defendants
Case #_ _0861/202_____Balance$_15,140,000.00___

To to all parties receiving this letter this is a notice and
sumation of all previous mailings and advisories and the
result of your acquiescence, agreement, acceptance, and
default in above named claim made against you, and my
notice to you that I have followed through with our
agreement and I have liened known properties and assets of
public record.  This is not a complete list and as more are
found they will be liened also.  The method in which to
resolve these liens and have them removed will be by
resolving all controversies with third-party plaintiff in
writing only.  I also will be notifying all credit reporting
agencies of your indebtedness and the default judgment to
the Third Party Plaintiff.  If there is a mortgage holder listed
I will also send them a copy of my maritime lien filed on
your real property and the significance and priority of my
lien over theirs.

Phillip Andrew Wolf
security party creditor
Third Party Plaintiff

King /Stouff~ Properties T O

EXHIBIT 1

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
PHILLIP ANDREW WOLF 303-931-9096

B. SEND ACKNOWLEDGMENT TO (Name and Address)

Phillip Andrew Wolf
P.O.Box 16804
Golden Co.80402

RELEASED
INDEXED
ABSTRACTED
SCANNED

GRANTOR: KING, BRETT F
GRANTEE: WOLF, PHILLIP A
Doc #7671173 bk 749 pg 117-118 Filed At 16:07 ON 01/26/10
Sherry L. Daigle Teton County Clerk   fees: 11.00
By Michele Fairhurst  Deputy

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| KING | BRETT | | F. | |
| 1c. MAILING ADDRESS | CITY | | STATE \| POSTAL CODE | COUNTRY |
| 4705 S.FishingClubDr. Lot 5Flat Creek Fishing Club | JACKSON | | WY \| 83001 | US |
| 1d. TAX ID # SSN OR EIN \| ADD'L INFO RE \| 1e. TYPE OF ORGANIZATION \| ORGANIZATION DEBTOR \| INDIVIDUAL | 1f. JURISDICTION OF ORGANIZATION | | 1g. ORGANIZATIONAL ID #, if any | NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | | STATE \| POSTAL CODE | COUNTRY |
| | | | | |
| 2d. TAX ID #: SSN OR EIN \| ADD'L INFO RE \| 2e. TYPE OF ORGANIZATION \| ORGANIZATION DEBTOR | 2f. JURISDICTION OF ORGANIZATION | | 2g. ORGANIZATIONAL ID #, if any | NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| Wolf | Phillip | | A. | |
| 3c. MAILING ADDRESS | CITY | | STATE \| POSTAL CODE | COUNTRY |
| P.O.Box 16804 | Golden | | CO. \| 80402 | US |

4. This FINANCING STATEMENT covers the following collateral:

ALL PROPERTY BELONGING TO DEBTOR BELONG TO SECURED PARTY CREDITOR PER MARITIME LIEN
ATTACHED

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | ✓ BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum   [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | | All Debtors ☐ Debtor 1 ☐ Debtor 2 | |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

EXHIBIT 2

| U.S. DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD | **NOTICE OF CLAIM OF MARITIME LIEN** | THIS SECTION FOR RECORDERS USE ONLY |
|---|---|---|
| 46 CFR 67.250 | | |

| 1. NAME OF VESSEL | 2. UNIQUE IDENTIFIER | |
|---|---|---|
| U. S. M/V BRETT F. KING | ATTORNEY ,LAWYER,IN TETON CTY.WYOMING | |

RECORDED

3. INSTRUMENT TYPE:

INTERNATIONAL COMMERCIAL CLAIM BY AFFIDAVIT OF SPECIFIC NEGATIVE AVERMENT OPPORTUNITY TO CURE AND COUNTERCLAIM # (REGISTERED MAIL #RE592801406 US FROM NEGATIVE AVERMENT) CASE #14744 TETON CTY

PORT

BOOK

PAGE

BY

4  NAME AND ADDRESS OF OWNER OF VESSEL

**RAY LAHOOD**
**US TRANSPORTATION**
**1200 NEW JERSEY AVE., SE**
**WASHINGTON, DC 20590**

INTEREST OWNED IN VESSEL AFFECTED BY ATTACHED INSTRUMENTS          **100%.** (100% UNLESS OTHERWISE STATED)

5  NAME AND ADDRESS OF CLAIMANT

**Phillip Andrew Wolf**
**c/o P.O .Box 16804**
**Golden, Co; near [80402]**
**Non-Domestic without the US**

PERCENTAGE OF VESSEL MORTGAGED OR MORTGAGE ASSIGNED          **100    %.**    (100% UNLESS OTHERWISE STATED)

| 6  AMOUNT | 7. ALL PROPERTY INCLUDING BUT NOT LIMITED TO: ALL BANK ACCOUNTS, SAFETY DEPOSIT |
|---|---|
| $9,765,000 BILLION DOLLARS  PLUS ATTORNEYS FEES,INTEREST,ADDITIONAL COSTS APPLICABLE. | BOXES, RETIREMENT FUNDS, 801K'S, 401K'S, REAL ESTATE, STOCKS, BONDS, SECURITIES, CASH ON HAND, JEWELRY, HOUSES, LAND, MOTOR VEHICLES, AUTOMOBILES, MOTORHOMES, AIRCRAFT, HOUSEHOLD FURNITURE, GUNS, AMMUNITION, COIN COLLECTIONS, ALL COLLECTIBLE ITEMS, INSURANCE POLICIES, CREDIT CARDS, LINES OF CREDIT, YACHTS AND WATERCRAFT, FARM EQUIPMENT, MACHINERY, TOOLS, EQUIPMENT, HEAVY EQUIPMENT, IMPLEMENTS, BULK GRAINS AND FEEDS, TACKLE, HARNESSES, LIQUOR, CROPS, FARM ANIMALS, FARM SUPPLIES, BUILDING MATERIALS, BUSINESSES, OFFICE EQUIPMENT, COMPUTERS, OFFICE SUPPLIES, CORPORATE ASSETS, WATER RIGHTS, MINERAL RIGHTS, OIL AND GAS RIGHTS, INTELLECTUAL PROPERTY, OR ANYTHING OF VALUE AS NEEDED TO SATISFY THIS CLAIM. |

8  CERTIFICATION AND ATTESTATION:

I (WE) HEREBY CERTIFY THAT THE FACTS RECITED HEREIN ARE TRUE AND CORRECT.  I (WE) UNDERSTAND THAT THE U.S. COAST GUARD WILL RELY ON THOSE RECITATIONS IN INDEXING THE ATTACHED INSTRUMENTS. THE OWNER AND ALL RECORDED MARITIME LIENHOLDERS HAVE BEEN NOTIFIED BY U.S. MAIL.

SIGNATURE OF CLAIMANT:

STATE: COLORADO
COUNTY: JEFFERSON
SUBSCRIBED AND SWORN ON THE ___ day of September, AD 20___

NOTARY PUBLIC
MY COMMISSION EXPIRES:          1 - 2- 2011
                                          (DATE)

TINA M. WHITE
Claimant
NOTARY
PUBLIC
STATE OF COLORADO
My Commission Expires 01/02/2011

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

PHILLIP ANDREW WOLF 303-931-9096

B. SEND ACKNOWLEDGMENT TO (Name and Address)

Phillip Andrew Wolf
P.O.Box 16804
Golden Co.80402

| RELEASED | |
|---|---|
| INDEXED | ✓ |
| ABSTRACTED | ✓ |
| SCANNED | |

GRANTOR: KING, BRETT F
GRANTEE: WOLF, PHILLIP A
Doc #767171 bk 769 pg 113-114 Filed At 16:01 ON 01/26/10
Sherry L. Daigle Teton County Clerk   fees: 11.00
By Michele Fairhurst Deputy

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| OR | 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|---|
| | KING | | BRETT | F. | | |

| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| 610 W.Broadway ave.unit205Broadwaycentennialbldg. | | JACKSON | WY | 83001 | US |

| 1d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | INDIVIDUAL | | | NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|---|
| | | | | | | |

| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| | | | | | |

| 2d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| OR | 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|---|
| | Wolf | | Phillip | A. | | |

| 3c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| P.O.Box 16804 | | Golden | CO. | 80402 | US |

4. This FINANCING STATEMENT covers the following collateral:

ALL PROPERTY BELONGING TO DEBTOR BELONG TO SECURED PARTY CREDITOR PER MARITIME LIEN ATTACHED

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | ✓ BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS   Attach Addendum   (if applicable) | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE)   (optional) | | | All Debtors ☐ Debtor 1 ☐ Debtor 2 | |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

EXHIBIT 3

| U.S. DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD  46 CFR 67.250 | **NOTICE OF CLAIM OF MARITIME LIEN** | .HIS SECTION FOR RECORDERS USE ONLY |
|---|---|---|

| 1. NAME OF VESSEL **U. S. M/V BRETT F. KING** | 2. UNIQUE IDENTIFIER ATTORNEY ,LAWYER,IN TETON CTY.WYOMING | |
|---|---|---|

**3. INSTRUMENT TYPE:**

INTERNATIONAL COMMERCIAL CLAIM BY AFFIDAVIT OF SPECIFIC NEGATIVE AVERMENT OPPORTUNITY TO CURE AND COUNTERCLAIM # (REGISTERED MAIL #RE592801406 US FROM NEGATIVE AVERMENT) CASE #14744 TETON CTY

RECORDED

PORT

BOOK

PAGE

BY

**4. NAME AND ADDRESS OF OWNER OF VESSEL**

**RAY LAHOOD
US TRANSPORTATION
1200 NEW JERSEY AVE., SE
WASHINGTON, DC 20590**

INTEREST OWNED IN VESSEL AFFECTED BY ATTACHED INSTRUMENTS          **100%.**  (100% UNLESS OTHERWISE STATED)

**5. NAME AND ADDRESS OF CLAIMANT**

**Phillip Andrew Wolf
c/o P.O .Box 16804
Golden, Co; near [80402]
Non-Domestic without the US**

PERCENTAGE OF VESSEL MORTGAGED OR MORTGAGE ASSIGNED          **100    %.**     (100% UNLESS OTHERWISE STATED)

| 6. AMOUNT $9,765,000 BILLION DOLLARS PLUS ATTORNEYS FEES,INTEREST,ADDITIONAL COSTS APPLICABLE. | 7. ALL PROPERTY INCLUDING BUT NOT LIMITED TO: ALL BANK ACCOUNTS, SAFETY DEPOSIT BOXES, RETIREMENT FUNDS, 501K'S, 401K'S, REAL ESTATE, STOCKS, BONDS, SECURITIES, CASH ON HAND, JEWELRY, HOUSES, LAND, MOTOR VEHICLES, AUTOMOBILES, MOTORHOMES, AIRCRAFT, HOUSEHOLD FURNITURE, GUNS, AMMUNITION, COIN COLLECTIONS, ALL COLLECTIBLE ITEMS, INSURANCE POLICIES, CREDIT CARDS, LINES OF CREDIT, YACHTS AND WATERCRAFT, FARM EQUIPMENT, MACHINERY, TOOLS, EQUIPMENT, HEAVY EQUIPMENT, IMPLEMENTS, BULK GRAINS AND FEEDS, TACKLE, HARNESSES, LIQUOR, CROPS, FARM ANIMALS, FARM SUPPLIES, BUILDING MATERIALS, BUSINESSES, OFFICE EQUIPMENT, COMPUTERS, OFFICE SUPPLIES, CORPORATE ASSETS, WATER RIGHTS, MINERAL RIGHTS, OIL AND GAS RIGHTS, INTELLECTUAL PROPERTY, OR ANYTHING OF VALUE AS NEEDED TO SATISFY THIS CLAIM. |
|---|---|

**8. CERTIFICATION AND ATTESTATION:**

I (WE) HEREBY CERTIFY THAT THE FACTS RECITED HEREIN ARE TRUE AND CORRECT. I (WE) UNDERSTAND THAT THE U.S. COAST GUARD WILL RELY ON THOSE RECITATIONS IN INDEXING THE ATTACHED INSTRUMENTS. THE OWNER AND ALL RECORDED MARITIME LIENHOLDERS HAVE BEEN NOTIFIED BY U.S. MAIL.

SIGNATURE OF CLAIMANT:

STATE: COLORADO
COUNTY: JEFFERSON
SUBSCRIBED AND SWORN ON THE ‖ day of September, AD 2009

NOTARY PUBLIC
MY COMMISSION EXPIRES:        1-2-2011
                          (DATE)

TINA M. WHI...
Notary
NOTARY
PUBLIC
STATE OF COLO...
My Commission Expires 01/02/2011

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
PHILLIP ANDREW WOLF 303-931-9096

B. SEND ACKNOWLEDGMENT TO:   (Name and Address)

```
Phillip Andrew Wolf
P.O.Box 16804
Golden Co.80402
```

RELEASED
INDEXED
ABSTRACTED
SCANNED

GRANTOR: KING, BRETT F
GRANTEE: WOLF, PHILLIP A
Doc #767172 bk 745 pg 115-116 Filed At 16:05 ON 01/26/10
Sherry L. Daigle Teton County Clerk   fees: 11.00
By Michele Fairhurst  Deputy

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only **one** debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| KING | BRETT | F. | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 610 W.Broadway ave.unit 201Broadwaycentennialbldg | JACKSON | WY | 83001 | US |
| 1d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION INDIVIDUAL | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any    NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only **one** debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |
| 2d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any    NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only **one** secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| Wolf | Phillip | A. | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| P.O.Box 16804 | Golden | CO. | 80402 | US |

4. This FINANCING STATEMENT covers the following collateral:

ALL PROPERTY BELONGING TO DEBTOR BELONG TO SECURED PARTY CREDITOR PER MARITIME LIEN
ATTACHED

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | ✓ BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ✓ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   if applicable

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional]   All Debtors   Debtor 1   Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV 07/29/98)

EXHIBIT 4

THIS SECTION FOR RECORDERS USE ONLY

U.S. DEPARTMENT OF
HOMELAND SECURITY
U.S. COAST GUARD

46 CFR 67.250

# NOTICE OF CLAIM
# OF MARITIME LIEN

| 1. NAME OF VESSEL | 2. UNIQUE IDENTIFIER |
|---|---|
| U. S. M/V BRETT F. KING | ATTORNEY ,LAWYER,IN TETON CTY.WYOMING |

RECORDED

PORT

**3. INSTRUMENT TYPE:**

INTERNATIONAL COMMERCIAL CLAIM BY AFFIDAVIT OF SPECIFIC NEGATIVE AVERMENT
OPPORTUNITY TO CURE AND COUNTERCLAIM # (REGISTERED MAIL #RE592601406 US FROM
NEGATIVE AVERMENT) CASE #14744 TETON CTY.

BOOK

PAGE

BY

**4. NAME AND ADDRESS OF OWNER OF VESSEL**

**RAY LAHOOD**
**US TRANSPORTATION**
**1200 NEW JERSEY AVE., SE**
**WASHINGTON, DC 20590**

INTEREST OWNED IN VESSEL AFFECTED BY ATTACHED INSTRUMENTS          **100%.** (100% UNLESS OTHERWISE STATED)

**5. NAME AND ADDRESS OF CLAIMANT**

**Phillip Andrew Wolf**
**c/o P.O .Box 16804**
**Golden, Co; near [80402]**
**Non-Domestic without the US**

PERCENTAGE OF VESSEL MORTGAGED OR MORTGAGE ASSIGNED          **100**    **%.**          (100% UNLESS OTHERWISE STATED)

| 6. AMOUNT | 7. ALL PROPERTY INCLUDING BUT NOT LIMITED TO: ALL BANK ACCOUNTS, SAFETY DEPOSIT |
|---|---|
| $9,765,000 BILLION DOLLARS PLUS ATTORNEYS FEES,INTEREST,ADDITIONAL COSTS APPLICABLE. | BOXES, RETIREMENT FUNDS, 801K'S, 401K'S, REAL ESTATE, STOCKS, BONDS, SECURITIES, CASH ON HAND, JEWELRY, HOUSES, LAND, MOTOR VEHICLES, AUTOMOBILES, MOTORHOMES, AIRCRAFT, HOUSEHOLD FURNITURE, GUNS, AMMUNITION, COIN COLLECTIONS, ALL COLLECTIBLE ITEMS, INSURANCE POLICIES, CREDIT CARDS, LINES OF CREDIT, YACHTS AND WATERCRAFT, FARM EQUIPMENT, MACHINERY, TOOLS, EQUIPMENT, HEAVY EQUIPMENT, IMPLEMENTS, BULK GRAINS AND FEEDS, TACKLE, HARNESSES, LIQUOR, CROPS, FARM ANIMALS, FARM SUPPLIES, BUILDING MATERIALS, BUISNESSES, OFFICE EQUIPMENT, COMPUTERS, OFFICE SUPPLIES, CORPORATE ASSETS, WATER RIGHTS, MINERAL RIGHTS, OIL AND GAS RIGHTS, INTELLECTUAL PROPERTY, OR ANYTHING OF VALUE AS NEEDED TO SATISFY THIS CLAIM. |

**8. CERTIFICATION AND ATTESTATION:**

I (WE) HEREBY CERTIFY THAT THE FACTS RECITED HEREIN ARE TRUE AND CORRECT. I (WE) UNDERSTAND THAT THE U.S. COAST GUARD
WILL RELY ON THOSE RECITATIONS IN INDEXING THE ATTACHED INSTRUMENTS. THE OWNER AND ALL RECORDED MARITIME LIENHOLDERS HAVE
BEEN NOTIFIED BY U.S. MAIL.

SIGNATURE OF CLAIMANT:

STATE: COLORADO
COUNTY: JEFFERSON
SUBSCRIBED AND SWORN ON THE  11    day of September, AD 2009

NOTARY PUBLIC
MY COMMISSION EXPIRES:  1-2-2011

(DATE)

TINA M. WHITE
Clerk
NOTARY
PUBLIC
STATE OF COLO

My Commission Expires 01/02/2011

Bret F. King
King & King, LLC
P.O. Box 40
Jackson, WY 83001
(307) 733-2904
(307) 733-1058 facsimile


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BEAVER CREEK LAND & CATTLE, LLC,**)<br>**a Utah Limited Liability Corporation,** )<br> )<br> **Plaintiff,** )<br> )<br>    **v.** )<br> )<br> **PHILLIP A. WOLF,** )<br> )<br>        **Defendant.** ) | ) **Civil Action No. 08-CV-202-J** |

## AFFIDAVIT OF BRET F. KING IN SUPPORT OF MOTION FOR RELEASE OF LIENS

I, Bret F. King, being duly sworn upon oath, state and depose as follows:

1.      This Affidavit is provided in accordance with Wyoming State §29-1-311 based on false liens filed by Phillip Andrew Wolf ("Defendant") against real properties owned by my wife and me. Mr. Wolf alleges that these liens arise out of the above-captioned action.

2.      On the week of February 15, 2010, I received a letter from Defendant stating that Defendant had placed liens on my property and that of Mr. Stauffer and Mr. Romney, the

EXHIBIT 5

principles of Beaver Creek Land & Cattle, LLC. That letter is attached as Exhibit 1 to Plaintiff's

Motion for Release of False Liens and Request for Sanctions ("Plaintiff's Motion").

3.      In Defendant's letter from the week of February 15, 2010, Defendant states that

these liens were based on Plaintiff's "default in above named claim [Case #08CV202]" as well

as an alleged agreement by Plaintiffs to permit these liens. There was no agreement whatsoever

to permit any liens by Defendant and there has been no default in Case #08CV202. This claim is

a pure fabrication by Defendant and indeed the pleadings Mr. Wolf filed upon which he bases his

claim were stricken by this court by Order dated November 2, 2009.

4.      Defendant's letter from the week of February 15, 2010, also states that Defendant

intends to "notify all credit reporting agencies of [Plaintiff's] indebtedness and the default

judgment to [Defendant]."

5.      Enclosed with Plaintiff's letter was a UCC Financing Statement, Doc. # 0767173,

filed January 26, 2010, naming as collateral all property belonging to Bret King. The UCC

financing statement is attached as Exhibit 2 to Plaintiff's Motion. This was filed as a lien against

my residence.

6.      The UCC financing statement included a "Notice of Claim of Maritime Lien,"

alleging that the amount of indebtedness to Defendant was $9,765,000 billion (*sic*) dollars, plus

attorneys' fees, interest and costs. This amount is a fabrication by Defendant and has no basis

whatsoever.

7.      After conducting a search for additional UCC Financing Statements, I discovered

that Defendant has filed two additional financing statements in Teton County Wyoming against

my property. Document #0767171 was filed as a lien against my house and Document 0767172 was filed as a lien against my office condominium. See Exhibit 3 (Doc #0767171) and Exhibit 4 (Doc #0767172) to Plaintiff's motion. These liens are also groundless and contain material misstatements claiming that they are based on "International Commercial Claim by Affidavit of Specific Negative Averment Opportunity to Cure and Counterclaim # (Registered Mail #RE592801406 US from Negative Averment) Case #14744 Teton Cty."

8.      I have not discovered any additional liens against Plaintiff's property, or of its principals or my property, but Defendant's letter from the week of February 15, 2010, indicates that such liens are forthcoming.

9.      Defendant's cover-letter accompanying its lien states that the only way Defendant will remove the liens is by "resolving all controversies with [Defendant] in writing only." See Exhibit 1. In other words, unless Plaintiff drops its claim against Defendant, Defendant will continue to file false liens and report these liens to credit agencies.

10.     Each of the three liens referenced above are completely baseless as they are allegedly based on a fabricated default in this action. The liens also contain material misstatements and will have an impact on my credit rating and have the potential for additional financial impacts unless stricken immediately.

Dated this 29th day of March, 2010.

STATE OF WYOMING          )
                          )
COUNTY OF TETON           )

I, **Bret F. King**, swear upon oath that I have read the foregoing document and believe all statements contained therein to be true.

Bret F. King

Subscribed and sworn to before me this 29th day of March, 2010 by **Bret F. King**.

WITNESS my hand and official seal.

ANN SCHROEDER
Wyoming
Notary Public, County of Teton
My Commission Expires
March 31, 2012

Notary Public
My commission expires: 3/31/12

# Exhibit I:

**Exhibit I**: Ruling of judge JOHNSON imposing $3000.00 (U.S.) stating outright that 28 USC § 1927 applies to pro se litigants, every resident of America, which would require that such litigants be "admitted to conduct cases in any court of the United States."

Exhibit: _____

L.D
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY   2010

Stephan Harris, Clerk
Of Wyoming

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | No. 08-CV-00202J |
| ) | |
| ) | |
| PHILLIP A. WOLF, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION FOR RELEASE OF FALSE LIENS AND REQUEST FOR SANCTIONS

This matter comes before the Court on plaintiff's Motion for Release of False Liens and Request for Sanctions (Docket Entry 57) and the defendant's opposition thereto (Docket Entry 58). The Court, having reviewed the motion and response, the applicable law, the pleadings of record, and being fully advised, **FINDS** and **ORDERS** that the plaintiff's motion should be **GRANTED** for the reasons stated below.

1. Plaintiff seeks an order releasing false liens claimed and filed by the defendant in Teton County against property of plaintiff's counsel. The liens

1

have been recorded in Teton County, Wyoming and are attached to the plaintiff's "Motion for Release of False Liens and Request for Sanctions." Apparently, the defendant in the above captioned action believes he is entitled to file nonconsensual liens against counsel's property based upon a perceived default on a counterclaim.

2. No judgment has been filed in this case in favor of either party on any claim in this case. The matter remains pending and is set for trial in May of 2010.

3. In the event that defendant would prevail on his claims against plaintiff, any judgment lien would attach only to property of the plaintiff and not to property of plaintiff's counsel. His fundamental misunderstanding of the law does not justify his attempt to place liens on property of the plaintiff's counsel and will not be permitted.

4. In a diversity action, the substantive law, including the choice of law rules, of the forum state is to be applied. Moore v. Subaru of America, 891 F.2d 1445, 1448 (10th Cir. 1989); Mitchell v. State Farm Fire & Cas. Co., 902 F.2d 790, 792 (10th Cir. 1990). Under applicable Wyoming law, a lien which is groundless at the time of filing, containing material misstatements or false claims, may be stricken and released and damages may be awarded. Wyo.

2

Stat. § 29-1-311. Pursuant to this statutory provision, the Court may order that a lien be stricken and released, and may award damages of $1,000.00 or actual damages, costs and reasonable attorneys' fees to be paid by the person claiming the lien – in this instance, Phillip A. Wolf.

5. Under applicable federal law, the Court may require counsel or any other person "who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This provision applies to the *pro se* plaintiff in this case.

6. The Court finds that the liens asserted by defendant Wolf, appearing *pro se* in this case, against the property of plaintiff's counsel Bret F. King are nonconsensual, groundless and must be stricken and released.

7. Plaintiff has also sought an award of $3,000.00 as damages ($1,000 for the several groundless liens filed against plaintiff's counsel's property), plus attorneys' fees and costs. The Court finds that an award of $3,000.00 as damages is a reasonable sanction in this case, as well as reasonable attorneys' fees, expenses and costs reasonably incurred because of defendant Phillip A. Wolf's conduct.

Accordingly, for the foregoing reasons, it is hereby

3

**ORDERED** that the plaintiff's "Motion for Release of False Liens and Request for Sanctions" (Docket Entry 57) shall be, and is, **GRANTED.  It is further**

**ORDERED** that all of the liens attached to the plaintiff's Motion for Release of False Liens and Request for Sanctions" are **declared void, of no legal effect, and shall be stricken. This Order shall constitute a full and complete release of all liens recorded by defendant Phillip Andrew Wolf against attorney Bret F. King.  It is further**

**ORDERED** that counsel for plaintiff has permission of this Court to record a certified copy of this Order with the appropriate governmental entities in Teton County, Wyoming.  **It is further**

**ORDERED** that defendant Phillip A. Wolf shall **be permanently enjoined from filing or attempting to file any nonconsensual liens or encumbrances against the property of counsel Bret F. King.  It is further**

**ORDERED** that damages in the amount of **$3,000.00 are hereby awarded and shall be paid forthwith by defendant Phillip A. Wolf.  It is further**

**ORDERED** that defendant Phillip A. Wolf shall pay all costs, expenses and

4

attorneys' fees reasonably incurred by plaintiff as a result of the filing of the groundless liens which are the subject of this motion. It is further

**ORDERED** that Plaintiff shall file an application for costs, expenses and attorneys' fees reasonably incurred as a result of the filling of the groundless liens within ten (10) days of the date of entry of this Order.   The Court will enter a separate order with respect to this application for attorneys' fees, costs and expenses without further hearing or notice.

Dated this __30ᵗʰ__ day of __April_____ 2010.

_____
UNITED STATES DISTRICT JUDGE

5

ﾃ ｡ ｵ ｲ ｳ ｧ ﾔﾀ ｓ. ｵﾊﾙﾙ
ﾒ ｴﾒﾘ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BEAVER CREEK LAND & CATTLE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) No. 08-CV-00202J |
| | ) |
| | ) |
| PHILLIP A. WOLF, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION IN LIMINE TO PROHIBIT DEFENDANT
## FROM OFFERING ANY TESTIMONY OF EVIDENCE

Plaintiff'S "Motion in Limine to prohibit Defendant From offering Any Testimony or Evidence" (Docket Entry 50) has come before the Court for consideration.  No response was received from the defendant with respect to this specific motion.

The court has reviewed the pleadings, the applicable law, and is familiar with the entire record of the court of the proceedings.  The defendant has failed to cooperate in discovery and has engaged in litigation tactics that are based upon fundamental misunderstandings of the law and assertion of claims that are not meritorious and appear to be designed to harass, cause unnecessary delay and needless increase the cost of this litigation. These actions are also

1

contrary to Rule 11 of the Federal Rules of Civil Procedure.

Rule 37 of the Federal Rules of Civil Procedure addresses failures to make

disclosures or to cooperate in discovery.  Rule 37(b) provides:

(b) Failure to Comply with a Court Order.

(1)   Sanctions in the District Where the Deposition Is
       Taken. If the court where the discovery is taken orders
       a deponent to be sworn or to answer a question and
       the deponent fails to obey, the failure may be treated
       as contempt of court.

(2)   Sanctions in the District Where the Action Is Pending.

       (A) For Not Obeying a Discovery Order. If a party or a
       party's officer, director, or managing agent--or a
       witness   designated   under   Rule   30(b)(6)   or
       31(a)(4)--fails to obey an order to provide or permit
       discovery, including an order under Rule 26(f), 35, or
       37(a), the court where the action is pending may issue
       further just orders. They may include the following:

               (i) directing that the matters embraced in
               the order or other designated facts be
               taken as established for purposes of the
               action, as the prevailing party claims;

               (ii) prohibiting the disobedient party from
               supporting or opposing designated claims
               or   defenses,   or   from   introducing
               designated matters in evidence;

               (iii) striking pleadings in whole or in part;

               (iv) staying further proceedings until the

2

order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37.

In this case, the defendant's conduct has been particularly egregious. He has failed to cooperate in meaningful discovery; he has failed to produce requested documents; he has failed to participate in his deposition. He has filed numerous pleadings that are not meritorious and are simply nonsensical.

3

The defendant's conduct in this case is unacceptable and strongly deserving of appropriate sanctions.   The Court is strongly inclined to grant a default judgment.  However, as the Court indicated in previous orders, the facts of this case remain unclear to the Court and a hearing on the merits is appropriate.

In this case, the Court believes that an appropriate sanction is an order prohibiting defendant Phillip A. Wolf from supporting or opposing designated claims or defenses or from introducing designated matters in evidence. He may cross examine witnesses, but will not be permitted to call any witness or present evidence that has not been thoroughly disclosed and vetted during the discovery process in compliance with the Federal Rules of Civil Procedure.

The defendant is further admonished that any further failure to comply with the Orders of this Court, the Federal Rules of Civil Procedure, the Local Rules of this Court, and to cooperate in these proceedings shall subject him to further sanctions, including entry of a default judgment in favor of plaintiff.

Accordingly, the Court finds that the plaintiff's "Motion *in Limine* to Prohibit Defendant From Offering Any Testimony or Evidence" should be granted.  It is therefore

**ORDERED** that the plaintiff's "Motion *in Limine* to Prohibit Defendant From offering Any Testimony or Evidence" shall be, and hereby is, **GRANTED.**

4

**It is further**

**ORDERED** that defendant Phillip A. Wolf is prohibited from supporting or opposing designated claims or defenses or from introducing designated matters in evidence during the trial of this matter. He may cross examine witnesses called by plaintiff, but will not be permitted to call any witness or present evidence that has not been thoroughly disclosed and vetted during the discovery process.

Dated this _30th_ day of _August_ 2010.

UNITED STATES DISTRICT JUDGE

5

# Exhibit J:

**Exhibit J**: Affidavit of prejudice and Complainant's criminal complaint against BEAVER CREEK and other defendants filed in U.S. Dist. Court, in JOHNSON's court, July 15, 2009.

Exhibit: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

BEAR CREEK LAND &      ) No. **08-CV-202-J**
CATTLE, LLC,               )
        PLAINTIFF,   ) DEFENDANT's AFFIDAVIT OF PREJUDICE
                      ) to recuse Judge A. Johnson for cause.
                      )
        vs.             )
                      )
                      )
Philip Andrew; Wolf,      )
         Defendant.    )

## I. ISSUE.

1.1 COMES NOW, Defendant above named (hereinafter "Defendant"), all rights reserved without express waiver of such, seeking the recusal of Judge Alan B. Johnson and others similarly situated as those with knowledge of the nature of the Plaintiff's suit and conduct as complained of in Defendant's 18 USC § 4 criminal complaint attached hereto.

1.2 In said criminal complaint (hereinafter "complaint") Judge Alan B. Johnson has been named as a hostile witness to perceived crime on the part of the Plaintiff's principals and their counsel, BRET F. KING. Watching Judge Johnson sit idly by while false claims expressly prohibited under the subject contract in controversy progress convinces the Defendant that he is unreliable as a jurist, and perhaps corrupt.

1    1.3 The attached complaint is incorporated by this reference as if fully restated herein.

2   *Any and all emphasis* employed herein may be construed to have been added. All attachments

3   hereto are incorporated by this reference as if fully restated herein.

4               II. AUTHORITIES & APPEARANCE OF FAIRNESS.

5    2.1 Defendant truly desires that Judge Alan B. Johnson assign this case to another

6   judge, not a magistrate, because of Johnson's willingness to allow, or failure to identify, overtly

7   fraudulent representations to be made to this Court.

8               "*I concur in the judgment of reversal solely on the ground that these contempt
9           convictions must be regarded as infected by the fact that the unprecedented long
            sentence of 22 years which they carried was imposed by a judge who himself had
10          been the victim of petitioner's shockingly abusive conduct. That circumstance seems
            to me to deprive the contempt proceeding of the appearance of evenhanded justice
11          which is at the core of due process. For this reason, I think the contempt convictions
            must be set aside*, leaving the State free to try the contempt specifications before
12          another judge or to proceed otherwise against this petitioner.
13              *It is unfortunate that this Court's decision in Illinois v. Allen, 397 U.S. 337
            (1970), was not on the books at the time the criminal case against this petitioner was
14          on trial. The courses which that decision lays open to trial judges for coping with
            outrageous courtroom tactics of the sort engaged in by this petitioner would doubtless
15          have enabled Judge Fiok to deal with the petitioner in a manner that would have
16          obviated the regrettable necessity for setting aside this contempt conviction.*"

17   (See *Mayberry v. Pennsylvania*, 400 US 455 (1970), MR. JUSTICE HARLAN, concurring).

18    2.2 A party claiming an appearance of fairness doctrine violation has the burden of

19   showing it. *Lake Forest Part v. Hearing Board*, 76 Wn.App. 212, 217 (1994). This state's

20   appearance of fairness doctrine is similar to the constitutional requirement of an unbiased

21   tribunal mentioned above. But it goes farther than the impartiality requirement in that it not

     only requires an impartial decision maker to be fair, but requires the decision maker to also
22
     *appear* to be fair. See *Offutt v. US*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the
23
     appearance of justice"); *Medina v. California*, 505 US 437, 464 (1992)(Blackmun, dissent)("In
24
     matters of ethics, appearance and reality often converge as one.). [1]

25

26   [1] See also *Ex parte McCarthy*, [1924] 1 K.B. 256, 259 (1923) ("[J]ustice should not only be done, but should
     manifestly and undoubtedly be seen to be done"). I do not see how the appearance of fairness and neutrality can

DEFENDANT'S AFFIDAVIT OF                                          Philip Andrew, Wolf
PREJUDICE to recuse Judge Alan B. Johnson.      Page 2 of 4       P.O. Box 16804
                                                                 Golden, CO  80402

1    2.3 Appearances of bias are damaging to the public's confidence in our legal system.
2    *State v. Madry*, 8 Wn.App. 61, 70 (1972). The key question is how the proceeding appears to a
3    reasonably prudent and disinterested person. *Brister v. Tacoma City Council*, 27 Wn. App. 474,
4    487, (1980); *Chicago, Minn., St. Paul & Pacific RR v. State Human Rights Comm'n*, 87 Wn.2d
     802, 810 (1976); *Swift v. Island County*, 87 Wn.2d 348, 361 (1976).

5    2.4 Even when a possible conflict of interest or bias doesn't actually occur, but **appears**
6    to occur, it is enough to trigger this doctrine. *Narrowsview-Preservation Ass'n v. Tacoma*, 84
7    Wn.2d 416, 420 (1974); *Buell v. Bremerton*, 80 Wn.2d 518, 523 (1972). Adjudicators must be
8    "free of entangling influences." *Buell* at 523. And again, the mere possibility, rather than
9    actuality, of a conflict of interest or bias is enough show a violation. *Id.* at 524.

10   2.5 Presiding officer's failure to recuse when obliged to do so violates cannons of
     judicial conduct. (See *In re Scott*, 52 Cal.3d 968 (1991), 277 Cal.Rptr. 201, 802 P.2d 985, 91
11   CDOS 450, 91 Daily Journal DAR 700).

12   2.6 The appearance of fairness is lost through Defendant's having complained as
13   detailed above. Counsel is hereby fired for cause, and the defendant demands that Judge Alan
14   B. Johnson recuse himself from this case as presiding trier of fact.

15   / / /
     / / /
16   / / /
17   / / /
18   / / /
19   / / /
20   / / /

21   obtain if the bare possibility of a fair hearing is all that the law requires. Cf. *Marshall v. Jerrico, Inc.*, 446 U.S.
     238, 242 (1980)(noting the importance of "preserv[ing] both the appearance and reality of fairness," which
22   "'generat[es] the feeling, so important to a popular government, that justice has been done'") (quoting *Joint Anti-*
     *Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring)). *Litkey v. US*, 510 US
23   540, 565 (1994))"; *Press-Enterprise Co. v. Superior Ct.*, 487 US 1, 9, 13 (1986); *Vasquez v. Hillery*, 474 US 254,
     271 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 US 596, 606 (1982); *Richmond Newspapers, Inc. v.*
24   *Virginia*, 448 US 555, 595 (1980); *Marshall v. Jerrico*, 446 US 238, 242 (1980); *Estes v. Texas*, 381 US 532, 543
     (1965) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence
25   of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of
     unfairness. . . . [T]o perform its high function in the best way, "justice must satisfy the appearance of justice."
26   *Offutt v. US*, 348 U.S. 11, 14."); *Kentucky v. Stincer*, 482 US 730, 751 (1987) (dissent); *Greenholtz v. Inmates of*
     *Nebraska Penal Complex*, 442 US 1 (1979) (dissent).

DEFENDANT'S AFFIDAVIT OF                                              Philip Andrew, Wolf
PREJUDICE to recuse Judge Alan B. Johnson.        Page 3 of 4        P.O Box 16804
                                                                     Golden, CO  80402

## III. CONCLUSION & VERIFICATION.

3.1 I, Philip Andrew; Wolf, do hereby declare under penalties of perjury (28 USC 1746) that the foregoing statements are true and correct, and that all exhibits attached hereto are true and correct to the best of my knowledge and belief. Executed this 15th day of July, 2009.

Philip Andrew; Wolf, Affiant

3.2 The above affirmation was subscribed and duly sworn to before me this 15th day of July, 2009, by Philip Andrew; Wolf.

3.3 I, _Tinam White_, am a Notary under license from the State of Colorado whose Commission expires _1-2-2011_, and be it known by my hand and my Seal as follows:

Tinam White

Notary signature

Dated: _____

My Commission Expires _____ by:

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

/ / /

/ / /

/ / /

/ / /

/ / /

**CERTIFICATE OF SERVICE**: I, _____, do hereby certify that I did deposit in U.S. Post First Class and in adequate packaging two copies of the attached documents (Philip Andrew; Wolf's Affidavit of Prejudice w/felony complaint under 18 USC §4) addressed to the following parties: Brett F. King, 610 West Broadway #201, P.O. Box 40, Jackson, WY 83001. I am a Citizen of the United States, I am over 18 years of age, and I am not party to this action.

_____
Date

_____
Signature

DEFENDANT'S AFFIDAVIT OF
PREJUDICE to recuse Judge Alan B. Johnson.          Page 4 of 4

Philip Andrew; Wolf
P.O. Box 16804
Golden, CO 80402

1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE DISTRICT OF WYOMING

10

11   Philip Andrew; Wolf,              ) No. _____
              Complainant,              ) VERIFIED CRIMINAL COMPLAINT

12                                      ) under 18 USC § 4 Misprision of felony.
              vs.                       )

13                                      )
                                        ) Violations of 18 USC § 3, 4, 241, and 1341.

14                                      )
     ANTHON STOUFER, JOSH               )

15   ROMNEY, and BRET F. KING,          )
              DEFENDANTS.               )

16

17                    I. INTRODUCTION & PARTIES.

18
         1.1 COMES NOW, Complainant above named, seeking to report crime as required by

19   18 USC § 4. The claims of the Plaintiff are patently unfounded, and with knowledge of such

20   Plaintiff's counsel has chosen to join in the Plaintiff's attempt to extort from the Defendant

21   sums not owed.

22       1.2 Inasmuch as this Court's Judge Alan B. Johnson has all necessary information to

23   recognize and understand the conduct complained of herein to be overtly criminal in nature and

     has failed to act, he shall be considered a hostile witness for the purposes of this criminal

24   complaint.

25

26

     COMPLAINT under 18 U.S.C.
     § 4 Misprision of felony.              Page 1 of 6                  Philip Andrew; Wolf
                                                                        P.O. Box 16804
                                                                        Golden, CO  80402

1  STOUFER and ROMNEY acknowledge that "enforcement" includes a suit concerning
2  perceived breach. (See **Ex.B** hereto at its ¶16, "[O]r may sue Seller to specifically enforce this
3  Contract[.]"). The subject civil action or suit seeks to "enforce" the subject contract which
   expressly limits remedy to Wyoming state law.
4
5  1.9 FURTHER, having stated no basis or standing of any kind to justify or authorize a
   demand of money or other property from the Complainant, the subject civil action constitutes
6  mere evidence of attempted extortion and nothing more.

7
                    II. VIOLATIONS OF FEDERAL CRIMINAL STATUTES.
8

9  2.1 All exhibits, facts, and writings filed herewith shall be deemed to be incorporated by
   this reference into each count alleged below as if fully restated therein. All acts complained of
10 herein were willfully and intentionally committed by the Defendants with full knowledge of
11 law to the contrary.

12 2.2 All persons similarly situated to above named Defendants shall be deemed to have
13 been personally named under applicable allegations made herein.

14
                                    **COUNT I:**
15

16 18 U.S.C. § 876 Mailing threatening communications.

       (d) *Whoever, with intent to extort from any person any money or other thing of*
17 *value, knowingly so deposits or causes to be delivered, as aforesaid, any*
   *communication, with or without a name or designating mark subscribed thereto,*
18 *addressed to any other person and containing any threat to injure the property or*
   *reputation of the addressee or of another,* or the reputation of a deceased person, *or*
19 *any threat to accuse the addressee or any other person of a crime,* shall be fined under
   this title or imprisoned not more than two years, or both. If such a communication is
20 addressed to a United States judge, a Federal law enforcement officer, or an official
   who is covered by section 1114, the individual shall be fined under this title, imprisoned
21 not more than 10 years, or both.

22
   2.3 Defendants and each of them have, with the intent to extort sums from the
23 Complainant which he does not owe, deposited or caused to be deposited into U.S. Post threats
24 to Complainant's property and future rights to property. (See Defendants' certificates of service
25 in this case). By their use of the mails to extort money from the Complainant which he does not
26 owe, Defendants and each of them are in violation of 18 USC § 876(d) Mailing threatening
   communications.

COMPLAINT under 18 U.S.C.                                    Philip Andrew. Wolf
§ 4 Misprision of felony.          Page 3 of 6               P.O. Box 16804
                                                            Golden, CO 80402

**COUNT II:**

18 U.S.C. § 1341 Frauds and swindles.-

*Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises,* or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, *for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service,* or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

2.4 Defendants and each of them have attempted through an artifice to defraud, to obtain the property of the Complainant by means of false representations and fraudulent pretenses to this Court, with full knowledge that contractual terms governing the subject transaction for the purchase of land. The Defendants chose to commence the fraudulent and false civil action in this Court. The Defendants are therefore in violation of 18 USC § 1341 Frauds and swindles.

**COUNT III:**

18 U.S.C. § 241 Conspiracy against rights. *If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State,* Territory, Commonwealth, Possession, or District *in the free exercise or enjoyment of any right or privilege secured to him by the Constitution* or laws of the United States, or because of his having so exercised the same; or

*If two or more persons go* in disguise on the highway, or *on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right* or privilege so secured -

*They shall be fined under this title or imprisoned not more than ten years, or both*; and *if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap,* aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, *they shall be fined*

COMPLAINT under 18 U.S.C.
§ 4 Misprision of felony.          Page 4 of 6

Philip Andrew, Wolf
P.O. Box 16804
Golden, CO  80402

1    *under this title or imprisoned for any term of years or for life*, or both, or *may be
     sentenced to death*.

2

3    2.5 Defendants hereto have conspired to deprive the Complainant of vast sums of

4    money which he does not owe. Such an injury to the Complainant in his enjoyment of his

     property therefore constitutes a violation of 18 USC § 241 Conspiracy against rights.

5

6                                **COUNT IV and V:**

7    18 U.S.C. § 3 Accessory after the fact.- *Whoever, knowing that an offense against the
     United States has been committed, receives, relieves, comforts or assists the offender*
8    in order to hinder or prevent his apprehension, trial or punishment, *is an accessory after
     the fact.*
9
         Except as otherwise expressly provided by any Act of Congress, *an accessory
10   after the fact shall be imprisoned not more than one-half the maximum term of
     imprisonment* or (notwithstanding section 3571) fined not more than one-half the
11   maximum fine prescribed for the punishment of the principal, or both; or if the principal
     is punishable by life imprisonment or death, the accessory shall be imprisoned not more
12   than 15 years.

13   18 U.S.C. § 4 Misprision of felony. *Whoever, having knowledge of the actual
     commission of a felony cognizable by a court of the United States, conceals and does
14   not as soon as possible make known* the same to some judge or other person in civil or
15   military authority under the United States, *shall be fined under this title or imprisoned
     not more than three years, or both*.
16

17   2.6 Defendant KING has heightened knowledge of the law and has read the subject

18   contract now in controversy, and understands the scheme of Defendants STOUFER and

     ROMNEY to be wholly unfounded and therefore criminal in nature as described *supra*. Despite
19
     such knowledge Defendant KING chose to join the scheme rather than report it to authorities as
20   required by 18 USC § 4. This conduct on the part of KING is therefore in violation of 18 USC
21   § 3 Accessory after the fact.

22   2.7 Defendant KING saw the subject scheme as a violation of federal felony statutes but

23   chose to keep such knowledge to himself, and he did not make the same known to some judge,

     or civil or military authority, in violation of 18 USC § 4 Misprision of felony.
24

25                        III. CONCLUSION & VERIFICATION.

26   3.1 Defendants STOUFER and ROMNEY have brought the subject civil action because

     the Complainant did not give them money for property they never acquired, as agreed. (See

     COMPLAINT under 18 U.S.C.                                          Philip Andrew. Wolf
     § 4 Misprision of felony.          Page 5 of 6                     P.O. Box 16804
                                                                        Golden, CO  80402

1   **Ex.A** at its § 4.1.4). Defendant KING possesses full knowledge of this and has chosen to

2   participate, lending aid to known felons.

3       3.2 I, Philip Andrew; Wolf, Complainant hereto, **do believe** and do hereby declare

4   under penalties of perjury (28 USC § 1746) that the foregoing accounting of facts are true and

    correct to the best of my knowledge, and that Defendants' conduct as complained of constitutes

5   the crimes of which I have accused them herein. Executed this 15TH day of July, 2009.

6

7       Signed: _____

8           Philip Andrew; Wolf, Complainant

9       3.3 The above affirmation was SUBSCRIBED and duly SWORN to before me this
    15TH day of July, 2009, by Philip Andrew; Wolf.

10      3.4 I, ⎯⎯⎯ Tina M. White ⎯⎯⎯, am a Notary under license from the State of

11  Colorado whose Commission expires   1·2·2011  , and be it known by my hand and my Seal

12  as follows:

13      _____

14          Notary signature

15

16

17  Dated: _____   My Commission Expires on: _____ by: _____

18

19                                      Philip Andrew; Wolf
                                        P.O. Box 16804
                                        Golden, CO 80402

20  / / /

21  / / /

22  / / /

23  / / /
    / / /

24  / / /

25  / / /

26  / / /
    / / /

COMPLAINT under 18 U.S.C.                                       Philip Andrew, Wolf
§ 4 Misprision of felony.          Page 6 of 6                   P.O. Box 16804
                                                                Golden, CO  80402